In re Edsel L. PRUITT, Individually and as Officer and Shareholder of Westminster Mountain States Welding & Sheet Metal, Inc., a Colorado corporation d/b/a Mountain States Welding and Sheet Metal, Debtor.

Bankruptcy No. 82 B 03829 C.

United States Bankruptcy Court, D. Colorado.

May 27, 1983.

John M. Franks, Denver, Colo., for debtor.

Helen R. Stone, Boulder, Colo., for trustee.

ORDER ON TRUSTEE'S OBJECTION TO EXEMPTION

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is the trustee's objection to the debtor's claimed ex-

emption of his interest in a Rocky Flats Thrift Plan. The trustee contends that the plan is property of the estate and not exempt. The debtor contends that the plan is a qualified plan under the Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, 88 Stat. 829 (1974), (ERISA), and as such is not property of the estate under 11 U.S.C. § 541(c)(2) or if it is property of the estate it is exempt.

The debtor, Edsel L. Pruitt, filed his voluntary Chapter 7 petition in bankruptcy August 24, 1982. Mr. Pruitt has an interest in the Rocky Flats Thrift Plan. The Plan meets ERISA pension plan requirements and is qualified for tax purposes under 26 U.S.C. § 401(a). The Plan contains typical ERISA required anti-alienation and anti-attachment provisions. It provides for voluntary contributions by an employee in even percentage increments up to 8 percent of his salary. The employer contributes 50 cents for each dollar an employee contributes. All employee contributions vest immediately but employer contributions must be held in the plan three years before they vest. An employee has the unrestricted right to withdraw the total amount of his contributions without forfeiture. An employee may resign from the plan and withdraw all vested funds, forfeiting any funds contributed by the employer within the past three years. Once an employee resigns, he is no longer a member of the plan and he must wait 26 weeks to rejoin the plan. There is complete liberty to rejoin the plan on the same terms as when originally entered.

The issue before the Court is whether the interest of the debtor in a Rocky Flats Thrift Plan is property of the bankruptcy estate.

Property of the estate is defined in 11 U.S.C. § 541. Generally, it includes all the debtor's legal and equitable property interests. There is, however, a specific exception to what constitutes property of the estate. The exception, set forth in Section 541(c)(2), provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that

is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

In the case of *In re Threewitt,* 24 B.R. 927 (D.C.Kan.1982), the court found that the great weight of authority was to the effect that a debtor's interest in an ERISA pension fund is beyond the reach of his creditors and, accordingly, it held that under Section 541(c)(2) the bankruptcy trustee could not reach the debtor's interest in the plan.

Other courts have held that 11 U.S.C. § 541(c)(2) applies only to traditional spendthrift trusts because the legislative history states that the section preserves restrictions on the transfer of a spendthrift trust. [H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 369 (1977), S.Rep. No. 95–989, 95th Cong., 2d Sess. 83 (1978)], U.S.Code Cong. & Admin.News 1978, p. 5787. *See Matter of Ross,* 18 B.R. 364 (D.C.N.Y.1982); *In re Graham,* 24 B.R. 305 (Bkrtcy., N.D.Iowa W.D.1982). This Court does not agree with this narrow interpretation of Section 541(c)(2). The language of Section 541(c)(2) is clear on its face and does not limit itself to spendthrift trusts. When a statute is clear on its face there is no need to resort to legislative history. (*United States v. Oregon,* 366 U.S. 643, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961), *reh'g denied,* 368 U.S. 870, 82 S.Ct. 24, 7 L.Ed.2d 70 (1961); *Universal City Studios v. Sony Corp. of America,* 659 F.2d 963 (9th Cir.1981).

This Court also finds that 11 U.S.C. § 522(d)(10)(E) is not inconsistent with Section 541(c)(2). Section 522(d)(10)(E) provides an exemption for:

[A] payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. § 401(a), 403(b), 408, or 409).

Section 522(d)(10)(E) exempts ERISA plans as well as many other types of support payments. As stated by the court in *In re Threewitt, supra,* there may be an overlap between 541(c)(2) and 522(d)(10)(E) in that the former excludes ERISA plans from property of the estate and the latter provides an exemption for them but that overlap does not constitute an inconsistency. For the foregoing reasons the Court finds that the debtor's interest in the Rocky Flats Thrift Plan is not property of the estate under Section 541(c)(2).

ORDERED that the trustee's objection is denied.