In re Ronald Lee BROWN and Dorothy Lee Brown, Debtors.

In re Johnny Darrel CARTWRIGHT and Orvella Rose Cartwright, Debtors.

In re Edward Oliver DALTON and Frances Gail Dalton, Debtors.

In re Frederick DARLING and Vivian Darling, Debtors.

In re Cheryl Ann JOHNSON, Debtor.

In re Donna Marie JONES, Debtor.

In re Kathryn Elaine McAFEE, Debtor.

In re John L. McKNIGHT and Michele McKnight, Debtors.

In re Jaydee PARKS and Betty Ann Parks, Debtors.

In re Carol Denise SCOTT, Debtor.

In re Tim Allen GARRISON and Brenda Kay Garrison, Debtors.

In re Burr SEAGRAVES and Gloria Seagraves, Debtors.

Bankruptcy Nos. 88–01563–C, 87–03397–C, 88–02365–C, 88–02748–C, 88–02521–C, 88–00270–C, 88–03681–C, 88–03483–C, 88–02916–C, 88–02806–C, 88–03558–C and 88–03057–C.

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 19, 1989.

David E. Charney, Owasso, Okl., for Donna Marie Jones.

T.H. Wagenblast, Tulsa, Okl., for Ronald Lee Brown, Dorothy Lee Brown, Frederick Darling and Vivian Darling.

Brian W. Huckabee, Tulsa, Okl., for Johnny Darrel Cartwright and Orvella Rose Cartwright.

Scott W. Bradshaw, Tulsa, Okl., for Cheryl Ann Johnson.

David L. Noss, Tulsa, Okl., for Jaydee Parks and Betty Ann Parks.

Ralph Grabel, Tulsa, Okl., for Kathryn Elaine McAfee, Tim Allen Garrison and Brenda Kay Garrison.

Kenneth V. Todd, Tulsa, Okl., for Carol Denise Scott.

Fred W. Woodson, Tulsa, Okl., trustee.

James A. Hogue, Sr., Tulsa, Okl., for trustee, Fred W. Woodson.

Kenneth L. Stainer, trustee, Tulsa, Okl., for Tim Allen Garrison and Brenda Kay Garrison.

Scott P. Kirtley, trustee, Tulsa, Okl., for Burr Seagraves, Gloria Seagraves, Frederick Darling and Vivian Darling.

Emily Kay Bales, Tulsa, Okl., for Burr Seagraves and Gloria Seagraves.

David A. Coulter, Broken Arrow, Okl., for John L. McKnight and Michele McKnight.

Kurt M. Kennedy, Tulsa, Okl., for Edward Oliver Dalton and Frances Gail Dalton.

## MEMORANDUM AND OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

The above-named debtors have heretofore filed for relief under Chapter 7 of the Bankruptcy Code. All of the debtors claimed as exempt their interest in *pension* benefit plans maintained by their employers. It has been stipulated to by all parties that all of the *pension* benefit plans are qualified under the Employee Retirement Income Security Act of 1974, 29 U.S.C.Ann. § 1001 *et seq.* ("ERISA"). The trustee has objected to the claims of exemptions.

The issue to be decided is whether the interest of the debtors in these plans are exempt under the exemption statutes of the State of Oklahoma or under nonbankruptcy federal statutes.[1] There are two Oklahoma exemption statutes that apply in the present situation. They are in part as follows:

Okla.Stat.Ann. tit. 31, § 1(A)(20) (1987)
Property exempt from attachment, execution or other forced sale—Bankruptcy proceedings
 ... any interest in a retirement plan or arrangement qualified for tax exemption purposes under present or future Acts of Congress; provided, such interest shall be exempt only to the extent that contributions by or on behalf of a participant were not subject to federal income taxation to such participant at the time of such contributions, plus earnings and other additions thereon; provided ... "Retirement plan or arrangement qualified for tax exemption purposes" shall include without limitation, trusts, custodial accounts, insurance, annuity contracts and other properties and rights constituting a part thereof. By way of example and not by limitation, retirement plans or arrangements qualified for tax exemption purposes permitted under present Acts of Congress include defined contribution plans and defined benefit plans as defined under the Internal Revenue Code ("IRC"), individual retirement accounts, individual retirement annuities, simplified employee pension plan, Keogh plans, IRC Section 403(a) annuity plans, IRC Section 403(b) annuities, and eligible state deferred compensation plans governed under IRC Section 457....

Okla.Stat.Ann. tit. 60, §§ 327 and 328 (1953)
RETIREMENT, PENSION OR PROFIT SHARING PLAN
Provisions against alienation or encumbrance
 Any such plan, trust or contract may provide against the alienation or encumbrance of the interest of any person therein and further provide that no interest therein shall be subject to garnishment, attachment, execution or the claims of creditors of the persons having an interest therein.
Power to alienate or encumber—Exemption from process and claims
 Any person having an interest in any such plan, trust or contact, or in any property or any right subject to any such plan, trust or contract, containing the provisions set forth in the next preceding section of this Act,[1] or provisions of substantially the same force and effect, shall have no right to alienate or encumber such right or interest in any manner contrary thereto, and the interest of any such person in any such plan, trust or contract, or in any property or any right

---

1. Section 522 of the Bankruptcy Code provides federal exemptions. However, § 522(b)(2)(A) allows states to opt out of the federal scheme and to provide their own exemptions. Oklahoma has done this.

subject to any such plan, trust or contract, shall be exempt from garnishment, attachment, execution or the claims of creditors.

----

[1] Section 327 of this title.

The court holds that the debtor's interest in their ERISA pension plans are exempt under these Oklahoma statutes if said statutes are a valid exercise of state power. In order to decide this question consideration must first be given to the pre-emption provisions of § 514(a) of the ERISA code which provide that the ERISA code "shall supersede any and all state laws insofar as they may now or hereafter relate to *any* employee benefit plans".

This pre-emption provision and its effect on state law was considered by the United States Supreme Court in the recent case of *Mackey v. Lanier*, —— U.S. ——, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). The issue in *Mackey* was whether ERISA pre-empted a Georgia statute protecting ERISA *welfare* benefit plans from garnishment. A Georgia statute prohibited such garnishments but the United States Supreme Court held that ERISA pre-empts the Georgia statute and since ERISA allowed garnishment of *welfare* benefit plans the Georgia statute could not prohibit it. The Supreme Court stated as follows:

[1b] ERISA § 514(a) pre-empts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 USC 1144(a) [29 USCS § 1144(a)]. We believe that under our precedents, Ga Code Ann § 18–4–22.1 is such a state law.

The Georgia statute at issue here expressly refers to—indeed, solely applies to—ERISA employee benefit plans. See n 2, supra. "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, *if it has a connection with or reference to such a plan.*" *Shaw v. Delta Air Lines, Inc.*, 463 US 85, 96–97, 77 LEd2d 490, 103 SCt 2890 [2899–2900] (1983) (emphasis added). On several occasions since our decision in Shaw, we have reaffirmed this rule, concluding that state laws which make "reference to" ERISA plans are laws that

"relate to" those plans within the meaning of § 514(a). See, e.g., *Pilot Life Ins. Co. v. Dedeaux*, 481 US [41], [——], 95 LEd2d 39, 107 SCt 1549 [——] (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 US 724, 739, 85 LEd2d 728, 105 SCt 2380 (1985). In fact, we have virtually taken it for granted that state laws which are "specifically designed to affect employee benefit plans" are pre-empted under § 514(a). Cf. *Pilot Life Ins. Co. v. Dedeaux*, supra, at [481 U.S.] [41], 95 LEd2d 39, 107 SCt 1549; *Shaw v Delta Air Lines, Inc.*, supra, [463 U.S.] at 98, 77 LEd2d 490, 103 SCt 2890 [2900].

... "The pre-emption provision [of § 514(a)] ... displace[s] all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Metropolitan Life Ins. Co. v. Massachusetts*, supra, [471 U.S.] at 739, 85 LEd2d 728, 105 SCt 2380 [2389]....

While the Mackey decision is concerned only with ERISA qualified *welfare* benefit plans, the language is so broad and the intent so clear that it is apparent that the rule laid down applies to ERISA qualified *pension* benefit plans as well. In fact, § 514(a) of the ERISA code applies to *any* employee benefit plan whether *pension* benefits or *welfare* benefits.

■ The Oklahoma exemption statute in Tit. 31, supra, relates to and has connection with types of *pension* plans that are ERISA qualified plans and is, therefore, void as conflicting with the pre-emption provision of ERISA.

■ The exemptions provided in Tit. 60 of the Oklahoma Statutes make a debtors interest in a pension plan exempt from garnishment or the claims of creditors if such plan provides that the interest of the debtor cannot be alienated, encumbranced or levied upon. ERISA provides unequivocally that in order for the plan to be qualified the benefits provided under the plan may not be assigned or alienated. The Internal Revenue Code also provides that in order to qualify as an ERISA trust the plan must provide that the benefits are

nonalienable or nonassignable. It is clear that Tit. 60, supra, refers to and is connected with ERISA qualified pension benefit plans and are, therefore, also void because of the ERISA pre-exemption clause. In short, states cannot make the debtor's interest in these plans exempt; only Congress can do this.

■ The next issue is whether the debtors interests in the plans are exempt under nonbankruptcy federal law.

Section 522(b)(2)(A) of the Bankruptcy Code provides that even though a state has opted out of the bankruptcy code exemption scheme a debtor may still take advantage of certain nonbankruptcy code federal exemptions. The question is whether the nonassignable and nonalienable provisions of ERISA amount to a nonbankruptcy code federal exemption.

This issue has been considered by many courts and the overwhelming majority including all United States Courts of Appeals that have considered the question have held that debtor's interest in qualified ERISA plans are not exempt from the debtor's estate under federal law as nonbankruptcy code federal exemptions. *See In re Graham,* 726 F.2d 1268 (8th Cir.1984); *In re Golf,* 706 F.2d 574 (5th Cir.1983); and *In re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985); *In re Daniel,* 771 F.2d 1352 (9th Cir.1985). All of these cases contain a thorough analysis of the issue and this court adopts without further discussion the rationale of these decisions.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the debtors' interest in their ERISA qualified *pension* benefit plan are not exempt property and the trustee's objections to the claims of exemptions thereto are sustained.[2]

---

2. The Court expressly makes no decision as to whether the debtors' interest in their ERISA qualified pension benefit plans are included in the debtors' estate pursuant to § 541 of the Bankruptcy Code. This decision merely holds that if said plans are part of the debtors' estate they cannot be claimed as exempt.