**In re Larry A. and Deborah L. BURNS, Debtors.**

**Bankruptcy No. 88–08121–LN.**

United States Bankruptcy Court, W.D. Oklahoma.

Dec. 8, 1989.

John TeSelle, J., concurred in views and in result.

Richard L. Bohanon, Chief Judge, concurred in views expressed in parts one and three and in result.

Timothy Kline, Mark E. Monfort, Richard E. Coulson and Patrick M. Castleberry, Oklahoma City, Okl., for debtors.

Janice D. Loyd, Oklahoma City, Okl., for trustee.

Thomas Bolt and Gary Lyon, Oklahoma City, Okl., for Federal Deposit Ins. Corp.

James A. Hogue, Sr., Tulsa, Okl., for Ray K. Babb, amicus curiae.

Before BOHANON, Chief Judge, and LINDSEY and TeSELLE, Bankruptcy Judges.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTION FOR ERISA QUALIFIED RETIREMENT PLANS

PAUL B. LINDSEY, Judge.

### BACKGROUND

On December 30, 1988, Larry and Deborah Burns ("debtors") filed for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* In their joint schedules, debtors claimed as exempt their vested interest in Larry A. Burns, D.O., Inc., Money Purchase Pension Plan and Trust and their vested interest in Larry A. Burns, D.O., Inc., Profit Sharing Plan and Trust (the "Retirement Trusts"). Larry Burns is the sole owner and shareholder of Larry A. Burns D.O., Inc., and is its president, its sole director and a key employee. Deborah Burns is its secretary and a key employee. Debtors are also the sole trustees of the Retirement Trusts.

The Retirement Trusts are qualified under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.,* ("ERISA"), and are tax exempt pursuant to § 401 of the Internal Revenue Code ("I.R.C."), 26 U.S.C. §§ 1, *et seq.* Their aggregate value is approximately $700,000.

On September 1, 1989, an *en banc* hearing was held before the three bankruptcy judges of this district upon the objection of the Federal Deposit Insurance Corporation ("FDIC") and the trustee (hereafter collectively referred to as "objectors") to debtors' claim of exemption for the Retirement Trusts. The issue presented in this case is presented in other cases assigned to this court and to the other judges in this district. In the interests of judicial economy, and in order to encourage a uniform approach to and decision upon such issues, the judges of this district, in the exercise of the inherent power of courts to control their dockets, determined that the issue should be heard *en banc.*

At the conclusion of the hearing, at which the parties and an *amicus curiae* appeared and were heard, the matter was taken under advisement. Subsequently, the parties were requested to provide authorities and argument with regard to the effect upon this case, if any, of the withdrawal and substitution of the opinions in *Federal Deposit Ins. Corp. v. Farha*, 87–1530 (10th Cir. June 13, 1989), *withdrawn*, (10th Cir. Oct. 10, 1989).[1]

### ISSUES

Debtors advance three alternative arguments in support of exemption or exclusion of the Retirement Trusts from the bankruptcy estate. Debtors first assert that they are exempt pursuant to the State exemptions created under Okla.Stat. tit. 31, § 1(A)(20) (Supp.1990) and Okla.Stat. tit. 60, § 326–28 (1981), and that those exemptions are not preempted by ERISA. Next, they assert that their interests in the Retirement Trusts are excluded from the estate by operation of § 541(c)(2) of the Bankruptcy Code. Finally, debtors assert that the Retirement Trusts are exempt under other federal law and are therefore exempt by operation of § 522(b)(2)(A) of the Bankruptcy Code.

### DISCUSSION

### I.

### DOES ERISA PREEMPT THE STATE CREATED EXEMPTIONS?

■ Oklahoma has two exemption statutes with provisions dealing with retirement plans. The first exempts from forced sale for the payment of debts,

[A]ny interest in a retirement plan or arrangement qualified for tax exemption purposes under present or future Acts of Congress.... By way of example and not by limitation, retirement plans or arrangements qualified for tax exemption purposes permitted under present Acts of Congress include defined contribution plans and defined benefit plans as defined under the Internal . Revenue Code....

Okla.Stat. tit. 31, § 1(A)(20) (Supp.1990).

The second exempts from garnishment, attachment, execution or claims of creditors any retirement, pension or profit sharing plan which qualifies for federal tax exemption and contains an anti-alienation provision. Okla.Stat. tit. 60, §§ 326–328 (1981). The parties have stipulated that the Retirement Trusts are federally tax exempt and that they contain anti-alienation clauses.

ERISA contains two preemption provisions. The first is ERISA § 514(a) which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a) (1985). The second states that nothing in ERISA "shall ... supersede any law of the United States...." 29 U.S.C. § 1144(d) (1985).

Debtors argue that Oklahoma's two exemption statutes are not preempted by ERISA because they do not single out ERISA plans, seeking to distinguish *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). In *Mackey* a State statute would have prohibited the garnishment of funds or benefits of ERISA pension, benefit or welfare benefit plans, whereas, ERISA permitted such garnishment. The Supreme Court held that ERISA preempted the State statute because of this conflict. *Id.* at 2184. Debtors point to the fact that *Mackey* held only that the provision prohibiting the garnishment of ERISA welfare benefit plans was preempted, not the entire State garnishment procedure, and note that the *Mackey* Court found that ERISA plan funds may be attached for "run-of-the-mill" State law claims such as unpaid rent and failure to pay a creditor. *Id.* at 2187. Thus, debtors urge, since ERISA's structure and provisions indicate that Congress did not intend

---

**1.** The Court of Appeals in its October 10, 1989 decision has invoked 10th Cir. Rule 36.3 stating that the substituted opinion "has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata or collateral estoppel."

to forbid the use of State law mechanisms for executing judgments, it should not be held to have intended to forbid the application of State law exemptions for pension benefit plans.

Objectors contend, relying on *Mackey, supra,* that both of Oklahoma's exemption statutes are preempted by ERISA. They recognize that *Mackey* dealt with ERISA welfare benefit plans and not pension benefit plans, but assert that the language of *Mackey* is so broad that State statutes dealing with pension benefit plans are also preempted. The broad language of *Mackey* that objectors rely upon is as follows:

ERISA § 514(a) pre-empts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a)....

... "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, *if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines,* 463 U.S. 85, 96–97 [103 S.Ct. 2890, 2900, 77 L.Ed.2d 490] (1983) (emphasis added). On several occasions since our decision in *Shaw,* we have reaffirmed this rule, concluding that state laws which make "reference to" ERISA plans are laws that "relate to" those plans within the meaning of § 514(a).... In fact, we have virtually taken for granted that state laws which are "specifically designed to affect employee benefit plans" are pre-empted under § 514(a). [Citations omitted]

*Id.* 108 S.Ct. at 2185.

Objectors contend that both of the Oklahoma exemption statutes are preempted because they make "reference to," and therefore "relate to" ERISA. They assert that title 31, § 1(A)(20) makes "reference to" ERISA when it exempts retirement plans as defined by I.R.C. § 403(a) and § 403(b), since ERISA plans come under those provisions. As to title 60, §§ 326–328, objectors contend that it makes "reference to" ERISA because it exempts from creditor's claims any retirement, pension or profit

sharing plan which is federally tax exempt and which contains an anti-alienation provision. They note that ERISA plans are federally tax exempt and that they must contain an anti-alienation provision.

This court is well aware that *Mackey* dealt specifically with ERISA welfare benefit plans, not pension benefit plans. It observes, however, that the expansive reading which *Mackey* gives to the meaning of the term "relates to," quoted above, indicates that the preemptive provisions of ERISA are viewed as quite comprehensive and far-reaching.

As is noted above, title 31 § 1(A)(20) exempts from bankruptcy proceedings retirement plans as defined by I.R.C. § 403(a) and § 403(b). ERISA pension plans are tax exempt under I.R.C. § 403(a) and § 403(b). It is this court's view that when title 31 § 1(A)(20) exempts from bankruptcy proceedings retirement plans which are tax exempt under I.R.C. § 403(a) and § 403(b) it makes "reference to," and thus "relates to" ERISA. The court therefore holds that title 31 § 1(A)(20) is preempted by ERISA.

Title 60, §§ 326–328 make a debtors' interest in retirement, pension or profit sharing plan exempt from garnishment so long as the plan is federally tax exempt and contains an anti-alienation provision. In order for a pension plan to qualify as an ERISA pension plan it must be federally tax exempt and it must contain an anti-alienation provision. It is this court's view that when title 60, §§ 326–328 make these requirements, they make "reference to" ERISA and thus "relate to" ERISA. The court therefore holds that title 60, §§ 326–328 are also preempted by ERISA.[2]

II.

MUST A TRUST QUALIFY AS A SPENDTHRIFT TRUST UNDER STATE LAW TO BE EXCLUDED FROM PROPERTY OF THE ESTATE UNDER § 541(c)(2) OF THE BANKRUPTCY CODE?

Under § 541(a) of the Bankruptcy Code all "legal or equitable interest of the

---

**2.** In this connection, *see In re Weeks,* 106 B.R. 257 (Bankr.E.D.Okla.1989); and *In re Brown,* 95

B.R. 216 (Bankr.N.D.Okla.1989).

debtor in property" is property of the estate. An exception is contained in § 541(c)(2), which excludes from the estate property which has a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." The meaning of the terms contained in this provision has been the subject of a considerable volume of litigation, with disparate results.

The view of a substantial majority of courts is that § 541(c)(2) is limited to trusts which qualify as spendthrift trusts under State law.[3]

In holding that § 541(c)(2) applies only to trusts which qualify as State law spendthrift trusts, these courts rely on legislative history which indicates that Congress intended that result. These courts also rely on the fact that Congress provided an exemption for certain payments from pension plans under 11 U.S.C. § 522(d)(10)(E), and conclude that Congress would not also have intended to provide an exclusion for such plans under § 541(c)(2).

The view of a distinct minority of courts is that § 541(c)(2) excludes all ERISA qualified pension plans from the estate because the language of the statute includes all trusts with anti-alienation provisions.[4]

The majority position appears not only to be the trend, but to be the better view as well. *See Humphrey*, 873 F.2d at 1121. As can be seen from the foregoing, only one court now appears to follow the minority position. It is this court's view that the majority position is correct, that it should be adopted, and that the exclusion contained in § 541(c)(2) should be held to be

applicable only to trusts which qualify as spendthrift trusts under applicable State law.

This court must next determine whether the Retirement Trusts qualify as spendthrift trusts under Oklahoma law. The provisions of Okla.Stat. tit. 60, §§ 175.25(F) and (G) (1981) are as follows:

(F) A trust in which the interest of the beneficiary is subject to restraints on alienation as provided in this Act may be called a "spendthrift trust" and a direction in an instrument creating a trust that the interest of any beneficiary shall be held on or subject to a spendthrift trust shall be sufficient to restrain the alienation of such interest to the extent provided in this Act.

(G) Nothing in this Act shall authorize a person to create a spendthrift trust or other inalienable interest for his own benefit. The interest of the trustor as a beneficiary of any trust shall be freely alienable and subject to the claims of his creditors.

■ The Retirement Trusts were established through a professional corporation in which debtor Larry Burns is the sole stockholder and director, and in which both debtors are key employees. Debtors are the sole trustees of the Retirement Trusts and debtor Larry Burns is their administrator. The Retirement Trusts would not qualify as a spendthrift trusts under Oklahoma law because they were established for the benefit of the settlor. *See Greening Donald Co. v. Oklahoma Wire Rope, Inc.*, 766 P.2d 970, 973 (Okla.1988).

---

**3.** *Humphrey v. Buckley (In re Swanson)*, 873 F.2d 1121, 1123 (8th Cir.1989); *Daniel v. Security Pacific Nat'l Bank (In re Daniel)*, 771 F.2d 1352 (9th Cir.1985) *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *Lichstrahl v. Bankers Trust (In re Lichstrahl)*, 750 F.2d 1488, 1490 (11th Cir.1985); *Samore v. Graham (In re Graham)*, 726 F.2d 1268, 1271 (8th Cir.1984); *Goff v. Taylor (In re Goff)*, 706 F.2d 574, 580 (5th Cir.1983); *In re Weeks, supra; In re Alagna*, 107 B.R. 301 (Bankr.D.Colo.1989); *Fogler v. Flindall (In re Flindall)*, 105 B.R. 32, 40 (Bankr.D.Ariz.1989); *In re Herndon*, 102 B.R. 893, 896 (Bankr.M.D.Ga.1989); *In re Griggs*, 101 B.R. 393, 395 (Bankr.M.D.Ga.1989); *Blackwell v. Wallace (In re Wallace)*, 66 B.R. 834, 840

(Bankr.E.D.Mo.1986); *In re Matteson*, 58 B.R. 909, 911 (Bankr.D.Colo.1986).

**4.** *In re Ralstin*, 61 B.R. 502, 504 (Bankr.D.Kan. 1986); *Clotfelter v. CIBA–GEIGY (In re Threewitt)*, 24 B.R. 927, 929 (D.Kan.1982); *In re Pruitt*, 30 B.R. 330, 331 (Bankr.D.Colo.1983). However, the reasoning of *Pruitt* was subsequently rejected, by the judge who wrote *Pruitt*, in *In re Matteson*, 58 B.R. 909, 911 (Bankr.D.Colo.1986). In rejecting the reasoning of *Pruitt* the court cited the decisions from the various Courts of Appeals, set out in footnote 3, *supra*. *Matteson*, 58 B.R. at 911.

Debtors assert that even if the majority view is adopted, the Retirement Trusts would qualify under Oklahoma law as spendthrift trusts as to Deborah Burns, if not as to Larry Burns. Debtors argue that the restraint on alienation in the Retirement Trusts extends to any benefit payable from them, with benefits being determined upon retirement, death, disability or termination. Neither income nor principal is payable to Deborah Burns until the occurrence of one of these events. Therefore, debtors conclude, the restraint on alienation on Deborah Burns' interest is enforceable under Oklahoma's spendthrift trust statute.

FDIC asserts that the Retirement Trusts are not spendthrift trusts as to Deborah Burns. FDIC contends that Deborah Burns possesses a substantial degree of dominion and control over the Retirement Trusts, which precludes their being held to be spendthrift trusts as to her under Oklahoma law. FDIC argues that Deborah Burns, as a trustee of the Retirement Trusts, has the power, *inter alia*, to make loans to herself as a plan participant, that she is a settlor of the trusts because they are funded by her contributions as an employee of the corporation, and that she, as an insider of the employer, may unduly influence the administration of the trusts as to contribution, vesting periods, and trustee retention.

Consequently, according to FDIC, the Retirement Trusts more closely resemble tax-deferred savings accounts than spendthrift trusts.

The purpose of a spendthrift trust is to provide for the maintenance and support of its beneficiaries. *Humphrey, supra*, 873 F.2d at 1124. The ability of a beneficiary to control trust assets in any way is contrary to the policies underlying the purpose of a spendthrift trust. *Id.*

Since Larry Burns, and Deborah Burns, albeit to a lesser degree, are able to exercise dominion and control over the Retirement Trusts, contrary to the purpose of a spendthrift trust, it is this court's view that the Retirement Trusts are not spendthrift trusts under Oklahoma law, as to either Larry Burns or Deborah Burns, and that therefore the Retirement Trusts are not excluded from the bankruptcy estate by virtue of § 541(c)(2).

### III.

### MAY DEBTORS' INTERESTS IN THE RETIREMENT TRUSTS BE EXEMPTED FROM THE BANKRUPTCY ESTATE UNDER § 522(b)(2)(A) OF THE BANKRUPTCY CODE?

█ Section 522(b)(2)(A) provides that debtors may exempt any property that is exempt under federal law other than § 522(d). In the legislative history of § 522(b)(2)(A), several examples are given of nonbankruptcy federal statutes that Congress considered in enacting this provision.[5] ERISA is not included among the statutes listed.

There are two federal laws which may interact to provide a basis for the exemption of ERISA plans under § 522(b)(2)(A). The first, an ERISA provision, § 206(d)(1), requires that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1) (Supp.1989). The second, a tax provision, requires that in order for a trust to qualify for tax exempt treatment, it must include a provision that the benefits may not be assigned or alienated. 26 U.S.C. § 401(a)(13) (Supp.1988).

Courts have reached different conclusions as to whether these two statutes create an exemption available under

---

5. The House and the Senate Reports list *some* of the items that may be exempt under federal laws under § 522(b). The lists include: foreign service retirement and disability payments; social security payments; injury or death compensation payments for war risk hazards; wages of fishermen, seamen, and apprentices; civil service retirement benefits; Longshoremen's and Harbor Workers' Compensation Act death and

disability benefits; Railroad Retirement Act annuities and pensions; veterans benefits; special pensions paid to winners of the Congressional Medal of Honor; and federal homestead lands on debts contracted before issuance of the patent. H.Rep. No. 595, 95th Cong., 1st Sess. 360–361; S.Rep. No. 95–989, 95th Cong., 2nd Sess. 75–76, U.S.Code Cong. & Admin.Code 1978, pp. 5787, 5861, 5862, 5963, 6315, 6316.

§ 522(b)(2)(A). Some courts have found that the failure to specify ERISA in the legislative history indicates that Congress did not intend ERISA to be a federal exempting statute under § 522(b)(2)(A).[6]

These courts, in reaching this conclusion, have traveled diverse routes. One court reasoned that the ERISA provision, unlike the statutes listed in the legislative history of § 522(b)(2)(A), does not prohibit the alienation or assignment of pension funds, but simply provides a condition to obtaining qualified tax status. *Goff,* 706 F.2d at 585. Other courts have reasoned that the property exempted by the specified statutes is peculiarly public in nature while ERISA funds are private. *Id.; Graham,* 726 F.2d at 1274.

Although never openly admitted by any court, it appears that at least some of the decisions have been influenced by the substantial amounts involved, and by the court's discomfort at the prospect of permitting debtors to shield such amounts while discharging debts owed to their creditors.

Other courts have found that the ERISA and the tax provision referred to above constitute exemptions under other federal law and therefore permit the exemption of ERISA trusts under § 522(b)(2)(A). *In re Komet,* 104 B.R. 799, 805 (Bankr.W.D.Tex. 1989); *Barr v. Hinshaw (In re Hinshaw),* 23 B.R. 233, 235 (Bankr.D.Kan.1982).

After an exhaustive review and analysis of the sundry decisions on the subject, the *Komet* court found that § 206(d)(1) has been held to protect retirement benefits from levy or attachment under State law, and that it therefore may be cognizable in bankruptcy as an exemption created by other federal law, and thus subject to exemption under § 522(b)(2)(A). *Komet,* 104 B.R. at 808. The *Komet* court disagreed with what it described as "strong dicta" in *Goff, supra,* which would not have permitted exemption of ERISA plans under § 522(b)(2)(A). It then held that § 522(b)(2)(A) permits a debtor to claim an

ERISA pension benefit plan as exempt from the bankruptcy estate. *Komet,* 104 B.R. at 816.

The *Hinshaw* court found that ERISA's prohibition on alienation was sufficiently similar to the statutes specified in the legislative history of § 522(b)(2)(A) to permit the conclusion that Congress intended that an analogous federal exemption should be permitted. *Hinshaw,* 23 B.R. at 236.

Debtors argue that ERISA plans should be exempt under § 522(b)(2)(A) and urge this court to adopt the *Komet* position. Debtors agree that ERISA is not specified in the legislative history as an example of a federal exemption, but contend that ERISA's absence does not conclusively show that ERISA should not be treated in the same way, since the list in the legislative history is not exclusive. Debtors also argue that not all of the benefits of the illustrative list come from the federal government and that some are funded by private insurance programs. Finally, debtors argue that the purpose of ERISA is to encourage private pension and disability planning, which purpose is fundamentally similar to those of the illustrative acts contained in the legislative history of § 522(b)(2)(A).

Objectors argue that ERISA plans should not be exempt under § 522(b)(2)(A) and urge this court to deny the exemption. They argue that the failure to include ERISA in the illustrative list in the legislative history was intentional, and that since certain payments under ERISA plans are included in the federal exemptions of § 522(d), there would be no reason to include ERISA under § 522(b)(2)(A) as well. Objectors also argue that the statutes specified in the legislative history of § 522(b)(2)(A) are protected by the federal government, whereas ERISA regulates private employer pension systems.

This court agrees with debtors' contention that the absence of ERISA from the list in the legislative history of § 522(b)(2)(A) does not compel the conclu-

---

**6.** *In re Daniel, supra,* 771 F.2d at 1361; *In re Lichstrahl, supra,* 750 F.2d at 1491; *In re Graham, supra,* 726 F.2d at 1274; *In re Goff, supra,* 706 F.2d at 585; *In re Brown, supra,* 95 B.R. at 219.

sion that ERISA may not be includable within that provision. In fact, two of the statutes included in the legislative history had been repealed and in the case of two others, the citation given was not that of the specified provision.[7]

The legislative history does not purport to offer a complete list of exempting statutes. The House Report states that a debtor may choose exemptions under § 522(d) or may choose the exemptions to which he is entitled under other federal law and the law of his domicile. "If the debtor chooses the latter, *some* of the items that may be exempted under other federal laws *include....*" [emphasis supplied] H.Rep. No. 595, 95th Cong., 1st Sess. 360–61, *reprinted in* Norton Bankruptcy Law and Practice 354 (1988–89 ed.). The Senate Report states that § 522(b) "permits a debtor the exemptions to which he is entitled under other federal law and the law of the State of his domicile. *Some* of the items that may be exempted under federal laws other than title 11 *include....*" [emphasis supplied] S.Rep. No. 95–989, 95th Cong., 2nd Sess. 75–76, *reprinted in* Norton Bankruptcy Law and Practice 355 (1988–89 ed.).

The United States Supreme Court has recognized that "[i]n definitive provisions of statutes and other writings, 'include' is frequently, if not generally, used as a word of extension or enlargement rather than as one of limitation or enumeration." *American Surety Co. v. Marotta,* 287 U.S. 513, 517, 53 S.Ct. 260, 261, 77 L.Ed. 466 (1933). Courts should look to the context of the word to determine whether or not it is a word of extension. *Id. See also, e.g.,* 11 U.S.C. § 102(3).

As the *Komet* court noted, courts which have followed the dicta in *Goff* have done so without providing any significant additional arguments or support for the propo-

sition. *Komet,* 104 B.R. at 808 n. 21. The *Komet* court rejected the dicta from *Goff* and advanced several well-reasoned explanations in support of exemption under § 522(b)(2)(A) for ERISA plans by reason of ERISA § 206(d)(1).

In this court's opinion, the analysis of the *Komet* court is correct, represents the proper interpretation of the statute in question, and should be followed. The stated policy of ERISA is, *inter alia,* "to protect ... the interests of participants in private pension plans and their beneficiaries...." 29 U.S.C. § 1001. In order to provide a degree of uniformity, ERISA preempts State law relating to such plans. By such preemption, ERISA effectively thwarts the clear State policy which would afford its citizens exemptions from the claims of their creditors for such plans. However, ERISA itself provides protections from the claims of creditors for qualifying plans. To hold that these protections are similarly ineffectual, simply because the Congress failed to specify ERISA in a nonexclusive list of legislative examples in the legislative history, would fly in the face of ERISA's principle purpose.

This court therefore holds that ERISA plans may be exempted from the bankruptcy estate under § 522(b)(2)(A), as "property that is exempt under Federal law, other than [§ 522(d) ]...."

### CONCLUSION

This court fully recognizes that as a result of its decision in this case, a substantial sum will be withheld from creditors and preserved for the benefit of debtors. It also recognizes that this decision will constitute precedent within this district, and that it will have the same effect upon other debtors, and their creditors, who are similarly situated. It is noted, however, that the decision may also have the effect

---

7. The civil service retirement benefit statute was repealed in 1966 and the foreign service retirement and disability statute was repealed in 1974. Both were replaced by similar enactments, but the citations to the replacing statutes are not given in the legislative history. The citation given for "[s]pecial pensions to winners of the Congressional Medal of Honor" is to a

statute dealing with veterans' benefits in general, *including* winners of the Congressional Medal of Honor. The citation given for "veteran benefits" is to a statute dealing with railroad unemployment insurance. Note, *Exemption of ERISA Benefits Under Section 522(b)(2)(A) of the Bankruptcy Code,* 83 Mich.L.Rev. 214, 223 (1984).

of protecting from creditors far more modest accumulations of capital for the benefit of debtors who have no other source or prospect of funding for their welfare or retirement.

Section § 522(b)(2)(A) contains no monetary or other limitations. It is not for this court, by judicial fiat, to establish any such limitations, whether based upon this court's personal perception of fairness and equity or otherwise. Should the Congress determine that some limitation upon the available exemption is appropriate, or that ERISA plans should not be includable under § 522(b)(2)(A), it is within its province, not that of this or any other court, to enact appropriate legislation in furtherance of such determination.

This court is authorized to announce that Judge John TeSelle concurs in the views expressed herein and in the result, and that Chief Judge Richard L. Bohanon concurs in the views expressed in parts I and III hereof and in the result. Chief Judge Bohanon would hold that the Retirement Trusts are excluded from the bankruptcy estate by virtue of § 541(c)(2), it being his view that that provision is clear and unambiguous, thus rendering unnecessary and inappropriate the resort to legislative history to limit its applicability to State law spendthrift trusts.

In view of the foregoing, the objections to debtors' claims of exemption for the Retirement Trusts described herein must be overruled, and the exemptions allowed. To the extent that there are other matters as to which disputes exist in this case, the same will be set for hearing upon the request of any party in interest.

IT IS SO ORDERED.