In re Gary S. McINTOSH, Debtor.

Bankruptcy No. 90–00127–C.

United States Bankruptcy Court,
N.D. Oklahoma.

June 26, 1990.

Mary K. Holt, Tulsa, Okl., for debtor.

James S. Hogue, Sr., Tulsa, Okl., for trustee.

## MEMORANDUM ORDER AND DECISION

STEPHEN J. COVEY, Bankruptcy Judge.

The Trustee appointed to serve in this case has objected to Debtor's claimed exemption of his interest in the Texas Plantation Foods Corporation Profit Sharing Plan ("Plan"). At the hearing on the objection, Debtor argued not only that, pursuant to 11 U.S.C. § 522(b)(2), his interest in the Plan was exempt under Oklahoma law or nonbankruptcy federal law, but also that his interest in the Plan did not constitute property of the estate as defined in 11 U.S.C. § 541. After considering the arguments and examining the authorities of counsel, the Court finds as follows:

The Plan is qualified as an employee pension benefit plan under the Employee Retirement Income Security Act of 1974

("ERISA"). 29 U.S.C. § 1001 et seq.[1] The administrator of the Plan in charge of keeping records for the Plan and otherwise administering it is Debtor's employer, Texas Plantation Foods Corporation. Debtor owns no stock in Texas Plantation Foods Corporation and is not an officer or director of the company. Debtor is employed as a regional sales manager. Debtor is also not a "trustee" of the trust created under the Plan. The "trustees" have the power to hold and invest Plan assets for the benefit of Plan participants such as Debtor.

At the time Debtor filed bankruptcy, Debtor had voluntarily contributed part of his salary to the Plan and Debtor's employer also contributed funds to the Plan on Debtor's behalf.[2] Under the Plan, Debtor is entitled to a distribution of 100% of all contributions (and earnings thereon) in the event of his death, disability, or retirement at age 65. In the event Debtor's employment is terminated for any other reason, Debtor is entitled to a distribution of 100% of *his* contributions to the Plan (and earnings thereon), but only the "vested percentage" of the employer contributions on his behalf (and earnings thereon). Debtor is not entitled to any distributions from the Plan in any other circumstances.

■ The Court first discusses the issue of whether Debtor's interest in the Plan constitutes property of the estate under 11 U.S.C. § 541. Under 11 U.S.C. § 541(c)(2), the beneficial interest of a debtor in property is excluded from the bankruptcy estate if a restriction on the transfer of such interest is enforceable under non-bankruptcy law.[3] On its face, 11 U.S.C. § 541(c)(2) appears to exclude Debtor's interest in the Plan because many cases have held that outside of bankruptcy the anti-alienation and encumbrance provisions of the Plan

are enforceable. *In re Komet*, 104 B.R. 799, 806–07 (Bankr.W.D.Tex.1989), listing cases. Under the plain meaning of the statute standing alone, all ERISA–qualified plans would therefore be excluded from property of the estate. However, such an interpretation renders meaningless portions of 11 U.S.C. § 522(d)(10)(E), a provision of the federal bankruptcy exemption scheme, expressly granting a partial exemption for interests in ERISA–qualified plans. If Congress had intended that interests in ERISA–qualified plans be excluded from the bankruptcy estate, then there would have been no need to expressly exempt them under the federal bankruptcy exemption scheme. Because of the ambiguity between the two provisions, the majority of courts have looked to the legislative history of § 541(c)(2) and have concluded that Congress intended to exclude from property of the estate only a debtor's beneficial interest in "traditional" state spendthrift trusts. *In re Swanson*, 873 F.2d 1121 (8th Cir.1989); *In re Brooks*, 844 F.2d 258 (5th Cir.1988); *In re Daniel*, 771 F.2d 1352 (9th Cir.1985); *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985); *In re Graham*, 726 F.2d 1268 (8th Cir.1984); *In re Goff*, 706 F.2d 574 (5th Cir.1983); *In re Burns*, 108 B.R. 308 (Bankr.W.D.Okl.1989); and *In re Weeks*, 106 B.R. 257 (Bankr.E.D.Okl. 1989). For the reasons set forth in these cases, the Court adopts the majority view construing the application of 11 U.S.C. § 541(c)(2).

The issue then is whether Debtor's interest in the Plan, or any part thereof, qualifies as a traditional spendthrift trust under applicable state law. In this case, the Plan states that it is to be governed by Texas law. The parties have not addressed the issue of whether this Court should employ Oklahoma or Texas law in determining

---

**1.** In order to qualify under ERISA, the Plan contains certain anti-alienation and encumbrance provisions protecting the Plan from creditors of Plan participants. 29 U.S.C. § 1056(d).

**2.** The employer contributions came from three sources: (1) nondiscretionary "matching" contributions, (2) discretionary contributions of shares of company profits, and (3) shares of

funds "forfeited" by Plan participants whose employment terminated before their rights under the Plan were fully vested.

**3.** 11 U.S.C. § 541(c)(2) states:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

whether the Plan constitutes a traditional spendthrift trust. Debtor argues the Plan would qualify as a traditional spendthrift trust under either Texas or Oklahoma law. The Court finds that it must employ Texas law because, under Oklahoma choice of law rules, the provision stating that the Plan is to be governed by Texas law is enforceable. *In re Putman,* 110 B.R. 783, 793 (Bankr.E.D.Va.1990), discussing the choice of law rules the bankruptcy court must employ; *Carmack v. Chemical Bank New York Trust Co.,* 536 P.2d 897 (Okl.1975), discussing Oklahoma law regarding the enforceability of choice of law provisions in contracts; and *Midland Savings & Loan Co. v. Henderson,* 47 Okl. 693, 150 P. 868 (Okl.1915).

Under Texas law, if a settlor creates a trust for his own benefit, his creditors may reach the trust notwithstanding the existence of a spendthrift clause in the trust document. Tex.Prop. Code Ann. § 42.0021 (Vernon Supp.1988). The settlor of a trust is the person who provides the consideration for the trust, even if another entity nominally creates the trust. *Brooks,* 844 F.2d at 263; Restatement (Second) of Trusts § 56 comment f (1959). The Court holds that Debtor is clearly the settlor of the Plan with regard to his own contributions, which are withheld portions of his own salary. The Court further holds that Debtor is the settlor of the Plan with regard to employer contributions on his behalf. The Court regards the employer contributions as merely another form of compensation to Debtor. If there were no Plan in place, the employer contributions to the Plan would be distributed to Debtor either as salary or bonuses. That the employer directly contributes the funds to the Plan does not change the fact that such funds are the equivalent of compensation to Debtor for his services. *Swanson,* 873 F.2d at 1124; *In re Balay,* 113 B.R. 429 (Bankr.N.D.Ill.1990).

Under Texas law, a person is also considered a settlor of a trust if he is capable of exercising dominion and control over the trust assets for his own benefit. *Brooks,* 844 F.2d at 263–64 and *Goff,* 706 F.2d at 588–89. In this case, Debtor could exercise dominion and control over the Plan in only one way, by voluntarily terminating his employment. Upon such termination, Debtor's participation in the Plan would cease and he would receive a distribution of all of his contributions and the "vested percentage" of his employer's contributions. The Court holds that Debtor's power to receive a distribution of Plan funds upon voluntary termination of his employment gives him such dominion and control over the Plan that the Plan does not qualify as a spendthrift trust under Texas law. *Swanson,* 873 F.2d at 1124; *In re Mead,* 110 B.R. 434, 439 (Bankr.W.D.Mo.1990). The Court finds that even this limited amount of control over the Plan is "inimical to the policies underlying the spendthrift trust." *Swanson,* at 1124.

Next, the Court addresses the issue of whether Debtor's interest in the Plan is exempt from the bankruptcy estate. Oklahoma exemption law applies even though the Plan itself is governed by Texas law. *In re Kincaid,* 96 B.R. 1014 (9th Cir.BAP 1989). The Court has previously held that Oklahoma exemption laws applying to ERISA–qualified employee pension benefit plans have been preempted by federal law. *In re Brown,* 95 B.R. 216, 218 (Bankr.N.D. Okl.1989). Since that decision was entered, numerous courts have addressed the preemption issue. The overwhelming majority of these courts have concluded that various state exemption laws have been preempted to the extent they apply to ERISA–qualified employee pension benefit plans. *In re Burns,* 108 B.R. 308, 311 (Bankr.W.D.Okl. 1989), holding Oklahoma exemption statutes preempted; *In re Weeks,* 106 B.R. 257, 262–63 (Bankr.E.D.Okl.1989), also holding Oklahoma exemption statutes preempted; *In re Balay,* 113 B.R. 429 (Bankr.N.D.Ill.1990); *In re Conroy,* 110 B.R. 492, 496–97 (Bankr.D.Mont.1990); *In re Sellers,* 107 B.R. 152, 155 (Bankr.E.D. Tenn.1989); *In re Alagna,* 107 B.R. 301, 317 (Bankr.D.Colo.1989); *In re Gaines,* 106 B.R. 1008, 1016–17 (Bankr.W.D.Mo.1989); *In re Bryant,* 106 B.R. 727, 730 (Bankr.M. D.Fla.1989); *In re Siegel* and *In re Hirsch,*

105 B.R. 556, 560–64 (D.Ariz.1989); *In re Komet,* 104 B.R. 799, 801–04 (Bankr.W.D. Tex.1989); *In re McLeod,* 102 B.R. 60, 62–64 (Bankr.S.D.Miss.1989); *In re Dyke,* 99 B.R. 343, 349–52 (Bankr.S.D.Tex.1989). A small minority of courts have concluded that state exemption laws are not preempted by federal law. *In re Volpe,* 100 B.R. 840 (Bankr.W.D.Tex.1989); *In re Seilkop,* 107 B.R. 776 (Bankr.S.D.Fla.1989), relying on *Volpe.* In light of the further case law development, the Court respectfully declines to follow the minority view and chooses to reaffirm its earlier decision holding that ERISA preempts Oklahoma exemption laws applying to ERISA–qualified employee pension benefit plans. Therefore, Debtor's interest in the Plan is not exempt under Oklahoma law.

In *Brown,* the Court also held that debtors' interests in the various employee pension benefit plans at issue were not exempt under nonbankruptcy federal law. In reaching its conclusion, the Court adopted the view of the majority of courts and all United States Courts of Appeals which had considered the issue. *Brown,* 95 B.R. at 219. Since the time of that decision, the majority view of the courts and unanimous view of the Courts of Appeals has not changed, although two courts have adopted the minority view in well-written decisions. *In re Komet,* 104 B.R. 799 (Bankr.W.D.Tex.1989) and *In re Burns,* 108 B.R. 308 (Bankr.W.D.Okl.1989). The Court again respectfully declines to follow the minority view and reaffirms its earlier decision adopting the majority view. Therefore, Debtor's interest in the Plan is not exempt under nonbankruptcy federal law pursuant to § 522(b)(2).

For the above-stated reasons, the Court holds that Debtor's interest in the Plan is property of the bankruptcy estate under 11 U.S.C. § 541 and is not exempt under Oklahoma or nonbankruptcy federal law pursuant to 11 U.S.C. § 522(b)(2).

IT IS SO ORDERED.