**In re Stephen SMITH, SSN 448–48–4139 and Marcia Smith, SSN 444–48–9094, Debtors.**

**Bankruptcy No. 90–70526.**

United States Bankruptcy Court, E.D. Oklahoma.

Sept. 19, 1990.

James A. Conrady, Okmulgee, Okl., for debtors.

Kenneth G. M. Mather, Tulsa, Okl., for trustee.

## ORDER

JAMES E. RYAN, Chief Judge.

On this 18th day of September, 1990, the Trustee's Objection to Exemption (Docket Entry No. 9) with Response by the Debtors (Docket Entry No. 11) came before this Court for consideration. At a hearing conducted on July 18, 1990, the parties conceded that the matter could be resolved on submission of Stipulations and legal Briefs; thus, further evidence was not necessary. As a result, the parties have submitted a Stipulation of Facts (Docket Entry No. 14) with a Supplement (Docket Entry No. 24) and Second Supplement (Docket Entry No. 30). In addition, this Court received a Brief in Support of Trustee's Objection to Debtors' Claim of Exemption (Docket Entry No. 20) and Brief in Opposition to

Trustee's Objection to Debtors' Claim of Exemption of Retirement Funds (Docket Entry No. 29).

After review of the parties' Stipulations, Briefs and the applicable law and precedent, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUES

The Trustee's Objection and subsequent pleadings give rise to the issues of:

(1) whether the Employee Retirement Income Security Act Program (ERISA) qualified retirement plan in which the debtor participates is property of the bankruptcy estate; and

(2) If so, whether the same plan can be validly exempted from the estate by the debtor pursuant to the Oklahoma exemption statutes in light of the provisions of the Federal statute creating and governing ERISA qualified retirement plans;

(3) whether the provisions under 11 U.S.C. § 522(b)(2)(A) are sufficient to exempt the ERISA qualified retirement plan at issue.

## FINDINGS OF FACT

Pursuant to the Stipulations of the parties, this Court enters the following findings:

1. The Debtors, Stephen Lynn Smith and Marcia Anne Smith, filed for protection under Chapter 7 of the United States Bankruptcy Code on May 4, 1990 in the United States Bankruptcy Court for the Eastern District of Oklahoma.

2. On Schedule B-3 to the bankruptcy petition, the Debtors listed certain property entitled "Retirement" and valued at $95,000.

3. The Debtors claim the Retirement as exempt property. The property listed as "Retirement" has been identified as a certain Halliburton Profit Sharing and Savings Plan ("The Plan") in which the Debtor has an estimated value of $95,000.

4. The Debtors' participant share in The Plan is identified as EI No. 51913C and Participant No. 0008142.

5. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan is entirely voluntary on the part of the Debtors.

6. The Plan allows for withdrawals while an active employee of the Regular Savings and Tax Deferred Savings Accounts. There is no condition precedent for eligibility to withdraw from the Regular Savings Account. Funds in the Tax Deferred Savings Account may be accessed in the event of an "immediate and substantial financial hardship." Withdrawal from either account will cause such amounts to be subject to payment of ordinary income tax plus additional 10% penalty.

7. The Debtors have received information as to the contents of the Halliburton Oil Field Services Group Retirement Plan. That Debtors' Fixed Income Fund (FIF) amount to employee contribution of $5,247.82, and not the previously estimated amount of $95,000.

8. That the GIF and HSF are funds which contain only employer contributions; their values are expressed in units, rather than dollars, which Debtors have accumulated 8,000.94 units at an approximate amount of $100,411.79.

9. The Halliburton Profit Sharing and Savings Plan is a qualified Plan under section 401(a) of the Internal Revenue Code.

## CONCLUSIONS OF LAW

A. An ERISA qualified retirement plan such as the one at issue in this case has been determined to be property of the bankruptcy estate so long as it does not qualify as a spendthrift trust. See *In re Weeks*, 106 B.R. 257 (Bankr.E.D.Okla. 1989); *In re Goff*, 706 F.2d 574 (5th Cir. 1983).

In the case at issue, if a trust is created at all, it is "self-settled" in the debtor and this, combined with the considerable degree of control which may be exerted over the Plan funds by the Plan Administrator, disqualifies the debtor's Plan as creating a

**264**

"spendthrift trust." As a result, the retirement plan is deemed property of the estate.

■ B. This Court has previously determined that the ERISA provisions "preempt" the Oklahoma exemption statute and thus an ERISA qualified retirement plan such as the one the debtor tries to exempt in this case is not subject to the exemption provisions of Okla.Stat.Ann. tit. 31, § 1(A)(20) (West Supp.1988–89). See *Mackey v. Lanier Collections Agency and Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed 2d 836 (1988) and *In re Weeks, supra,* at p. 261–63.

■ C. The debtors also raise an issue which this Court has not addressed in its previous rulings on the exemptability of ERISA qualified retirement plans. Namely, the debtor asserts that 11 U.S.C. § 522(b)(2)(A) permits the debtors to exempt the retirement plan at issue. This section provides that "any property that is exempt under federal law, other than subsection (d) of this section ..." may be claimed as exempt by a debtor. Since the ERISA statutes require that a qualified plan contain "nonassignability and nonalienation" clauses which prohibit the garnishment of ERISA qualified plans, and since the ERISA law is a federal law, the debtors argue that the Plan at issue should be exempt under § 522(b)(2)(A) of the Bankruptcy Code.

Although the debtors cite two relatively recent opinions that have accepted this argument [*In re Komet,* 104 B.R. 799 (Bankr. W.D.Texas 1989) and *In re Burns,* 108 B.R. 308 (Bankr.W.D.Okla.1989)], the vast majority of Courts, including the Circuit Courts which have addressed this issue, have declined to follow this view and have determined that Congress did not intend for ERISA to be included as a "federal law" envisioned by § 522(b)(2)(A). See *In re Graham,* 726 F.2d 1268 (8th Cir.1984); *In re Goff,* 706 F.2d 574 (5th Cir.1983); *In re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985) and *In re Brown,* 95 B.R. 216 (Bankr.N.D. Okla.1989).

We concur with the reasoning of these decisions. The House and Senate Reports which address this provision include a nonexclusive list of laws intended to be ad-dressed by this section. See S.Rep. No. 989, 95th Cong., 2nd Sess. 75, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5861, 6315; H.R.Rep. No. 595, 95th Cong., 2nd Sess. 360 (1977). We find great merit in the "conceptual distinction" between the statutes listed in the legislative history and the ERISA statutes, in that the specific statutes listed are uniquely created federal protections in areas governed by the federal government, where ERISA is an attempt to regulate private employers and to protect employee retirement benefits. As a result, we reject the debtors' urging to follow *In re Komet, supra,* and instead find that ERISA is not the "federal law" addressed under § 522(b)(2)(A).

Further, we must give some credence to the fact that ERISA became law in 1974, well in advance of the passage in 1978 of the Bankruptcy Code. Thus, while Congress was aware of ERISA, it did not include this statute in those federal laws intended to be affected by § 522(b)(2)(A).

IT IS THEREFORE ORDERED that the Halliburton Profit Sharing and Savings Plan is property of this estate. Further, the Objection to Exemption filed by the Trustee is hereby sustained for the reasons set forth hereinabove.