**In re Donald L. BRYANT and Mary Alice Bryant, Debtors.**

**In re Vincent Martin PARTSCH and Dorothy Annete Partsch, Debtors.**

**Bankruptcy Nos. 89–1366–6X7, 89–1229–6X7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Oct. 10, 1989.

Robert H. Pflueger, Altamonte Springs, Fla., for debtors.

Frank Wolff, Trustee, Maitland, Fla.

## ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

In each of the above-captioned Chapter 7 cases, the matter under consideration is an objection by the Trustee to each of the Debtors' claims that funds held in a Martin–Marietta 401K retirement fund are exempt from administration of the bankruptcy estate pursuant to *Fla.Stat.* 222.21. The following undisputed facts which are relevant to the matters under consideration are as follows:

Donald L. Bryant and Mary Alice Bryant filed their voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on March 21, 1989, and claimed funds held in a Martin–Marietta 401K plan with a value of $45,876.00 as exempt. Vincent Martin Partsch and Dorothy Annette Partsch filed their voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on March 14, 1989, and claimed as exempt funds held in the Plan valued at $1,000.

It is the Trustee's contention in both cases that the funds currently held on behalf of the Debtors in the employees' 401K plan are properties of the estate and subject to the administration, notwithstanding the amendment by the legislature of this State that the exemption statute *Fla.Stat.* 222.21 which now purports to exempt from claim of creditors funds in ERISA type accounts. In opposition, both Debtors contend first that the funds or the stock held in the plan on their behalf are not property of the estate to begin with because they, in fact, qualify as spendthrift trusts, but in any event, they are exempt by virtue of *Fla.Stat.* 222.21.

The Martin–Marietta 401K Retirement Plan provides its employees with an opportunity to contribute funds through payroll deductions in order to set aside and save money. The company makes matching contributions which vary according to the amount that the employee contributes to the Plan. The primary objective of the Plan is to help the employee accumulate savings over a long period. The employee is eligible to receive the benefits from the Plan either upon retirement, death or upon the reaching of age seventy. However, if the employment terminates, the employee is only entitled to the value of his vested interest in the Plan. Basically, these are the facts that are relevant to the matters under consideration. The threshold question is whether or not the funds held in the ERISA accounts are actually an ERISA Plan and, therefore, property of the bankruptcy estate.

11 U.S.C. § 541 governs the determination of property of the estate and provides that

> ... except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case are properties of the estate.

An exception to this idea is found in § 541(c)(2) which provides that a restriction on the transfer of the beneficial interest of the Debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title. It is clear that the majority of the courts which have considered the applicability of the exception to § 541(a) of the Bankruptcy Code hold that funds held in an ERISA plan are properties of the estate inasmuch as they do not fall under the definition of a spendthrift trust under state law. *See In re*

*Goff,* 706 F.2d 574 (5th Cir. C.A.1983); *Regan v. Ross,* 691 F.2d 81 (2nd C.A.1982); *In re Graham,* 726 F.2d 1268 (8th Cir. C.A. 1984). It appears that these types of funds have been held to be properties of the estate because the debtor does have the ability to reach the proceeds even if to do so would mean to terminate the plan and that the debtor has the ability to manipulate the funds. Further, courts have considered the fact that the beneficiary of the plan can borrow against the funds, at least to the extent that the employee's interest has become vested and that he can withdraw his contributions to the plan in addition to his right to withdraw his vested interest upon termination of the employment. From all this, it follows that the funds in the ERISA account set up by the Debtors are properties of the estate, thus, subject to administration by the Trustee unless the claim of exemption by the Debtors can be recognized.

In Florida, a debtor's right to exemption is based on § 522(b)(1) of the Bankruptcy Code, which permits states to opt out of the specific federal bankruptcy exemptions set forth in § 522(d). Fla. Statute § 222.20 entitled, "Nonavailability of federal bankruptcy exemptions" provides as follows:

> In accordance with the provision of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b), residents of this state shall not be entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)) Nothing herein shall affect the exemptions given to residents of this state by the state constitution in the Florida Statutes.

Prior to 1987, there was no provision in the constitution or the statutes of this State which dealt with ERISA plans and whether or not they could be claimed as exempt.

Fla.Stat. 222.21 entitled, "Exemption of Pension Money and Retirement" or profit-sharing benefits from legal processes provides in pertinent part:

> (2)(a) Except as provided in Paragraph (b) any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in a retirement or profit-sharing plan that is qualified under § 401(a), § 403(a), § 403(b), § 408, or § 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or the participant.

It is clear that the Florida legislature intended to provide an exemption for ERISA plans. The Trustee contends, however, that to the extent that the Debtors' claim of exemption is based on Fla.Stat. 222.21, the subject matter dealing with ERISA plans has been pre-empted by the federal legislation and, therefore, any statute dealing with the subject matter is invalid and unenforceable. The Supreme Court recently had occasion to consider this matter in the case of *Mackey v. Lanier Collections Agency and Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) which dealt with a Georgia statute which exempted an employee welfare benefit plan from garnishment. Ironically, the Georgia Statute was actually promoting Congressional intent by furthering the purposes of ERISA. It should be noted that the Florida statute, like the Georgia Statute, is intended to help effectuate ERISA's underlying purpose. The *Mackey* court stated that legislative good intentions do not save a state law within the broad preemptive scope of § 514(a) and, therefore, the Georgia law had to fail. The court noted that even though the Georgia law did not specifically identify the plan as an ERISA, it made a reference to an ERISA Plan and, therefore, under *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), even laws which made reference to the ERISA Plan or which that relate to ERISA Plans within the meaning of § 514(a), were pre-empted. In holding that the Georgia statute was pre-empted by ERISA, and, therefore, the exemption created by the Georgia statute could not be enforced, the court looked to the language of ERISA, § 514(a), which provides

> (a) Except as provided in subsection (b) of this section, the provisions of this subchapter and sub-chapter 3 of *this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in § 1003(a) of this title* and not exempt under § 1003(d) of this

title. 29 U.S.C.A. § 1144(a) (West 1985). (emphasis added)

The bankruptcy court for the Western District of Texas in *In re Komet,* 93 B.R. 498, 19 C.B.C.2d 1231 (W.D.Tex.1988), held that ERISA pre-empted a Texas statute which exempted most types of qualified retirement plans from attachment, execution and seizure for the satisfaction of debts. The bankruptcy court stated that the burden was upon Congress to amend ERISA if it wished to place exemption statutes like Texas' beyond ERISA's pre-emptive reach. Congress no doubt had the opportunity, if it desired to do so, to exempt or provide across-the-board exemptions for funds in ERISA plans and failed to do so. It is up to Congress and not this Court to make this change, if such change is, in fact, desired. As to the current state of the law, any reference to an ERISA account contained within a state law is pre-empted and it is up to Congress to exempt ERISA legislation from pre-emption, if it so desires. Therefore, the Trustee's objection to the Debtors' claim of exemptions in each case must be sustained, and the funds held in the Martin–Marietta Plan should be administered as property of the estate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Donald L. Bryant and Mary Alice Bryant's Claim of Exemptions be, and the same is hereby, sustained and that the funds held in the Martin–Marietta Plan in each case shall be administered by the Trustee as property of the estate. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Vincent Martin Partsch and Dorothy Annette Partsch's Claim of Exemptions be, and the same is hereby, sustained and that the funds held in the Martin–Marietta Plan in each case shall be administered by the Trustee as property of the estate.

DONE AND ORDERED.