In re Robert GARDNER and Barbara Gardner, Debtor.

In re Berl Leon PARRISH, Debtor.

In re Dallas Wayne PALMER, Debtor.

Bankruptcy Nos. 89–9833–8P7, 90–0249–8P7 and 90–0502–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 3, 1990.

Dennis J. LeVine, Tampa, Fla., for debtors.

Charles A. Medearis, Trustee.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

M. Jay Lancer, Sarasota, Fla., for debtor.

V. John Brook, Jr., St. Petersburg, Fla., Trustee.

Norman Davidson, Tampa, Fla., for Trustee.

John L. Atti, Seminole, Fla., for debtor.

Gordon L. Kiester, Tampa, Fla., Trustee.

Tari Peterson, Tampa, Fla., for trustee.

## ORDER ON OBJECTIONS TO CLAIMS OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THESE are Chapter 7 liquidation cases, and the matters under consideration are Objections filed by the Trustees in each of the above captioned cases to the Debtors' claims that funds held in their respective ERISA qualified retirement plans are exempt from administration of the bankruptcy estate pursuant to *Fla.Stat.* § 222.21(2)(a), 11 U.S.C. § 522(b)(2)(A), and 11 U.S.C. § 522(d)(10)(E). The Court has considered the Objections, together with the Debtors' responses and argument of counsel, and now finds and concludes as follows:

In the case of Robert and Barbara Gardner, Case No. 89–9833–8P7, the Debtors filed their Chapter 7 voluntary Petition on December 29, 1989. On their B–4 Schedule of Exemptions, the Debtors claimed as exempt Barbara Gardner's interest in a 401–K retirement plan with NMC Employees Savings Trust pursuant to *Fla.Stat.* § 222.21(2)(a). The Debtors valued Mrs. Gardner's interest in the plan at $1,100.00.

In the case of Berl Leon Parrish, Case No. 90–0249–8P7, the Debtor filed his Chapter 7 voluntary Petition on January 11, 1990. On his B–4 Schedule of Exemptions, the Debtor claimed his interest in a retirement plan with National Enterprises, Inc., as exempt pursuant to *Fla.Stat.* § 222.21(2)(a). The Debtor valued his interest in the plan at $6,800.00.

In the case of Dallas Wayne Palmer, Case No. 90–0502–8P7, the Debtor filed his Chapter 7 voluntary Petition on January 18, 1990. On his B–4 Schedule of Exemptions, the Debtor claimed his interest in two profit-sharing plans with Times Publishing Company as exempt pursuant to *Fla.Stat.* § 222.21(2)(a). The Debtor valued his interest in the plans at $127,023.54 and $18,512.56, respectively. In addition, the Debtor claimed as exempt a condominium located at 5401 Orange Blossom Road, Pinellas Park, Florida, and his interest in a Pruco life insurance policy.

The Trustees for the respective estates subsequently objected to the Debtors claiming the funds in the ERISA plans as exempt, contending that the funds currently held on behalf of the Debtors in the plans mentioned above are property of the estate and subject to administration, notwithstanding *Fla.Stat.* § 222.21(2)(a). The Trustee in the case of Palmer additionally objected to the Debtor's claim of exemption

of the condominium and the life insurance policy, but later on withdrew his objection regarding these assets of the Debtor's claim of exemption.

In opposition, the Debtors contend that despite cases in which this Court already considered the same issues, i.e., *In re Bryant* and *In re Partsch,* 106 B.R. 727 (Bankr.M.D.Fla.1989); *In re Sheppard* and *In re Polombo,* 106 B.R. 724 (Bankr.M.D. Fla.1989), the Trustees' Objections should be overruled, the Debtors' claims of the ERISA qualified plans as exempt should be allowed and the funds in their respective ERISA plans are exempt under 11 U.S.C. § 522(b)(2)(A) and 11 U.S.C. § 522(D)(10)(E).

The threshold question in resolving these matters ordinarily would be whether or not the Debtors' interests in the plans are even property of the estate under 11 U.S.C. § 541. This is so because all ERISA plans contain anti-alienation provisions required by the Internal Revenue Code in order to make contributions to an ERISA plan tax exempt. Based on this provision, it has been argued in the past that funds in ERISA plans are not property of the estate because they come within § 541(c)(2) of the Bankruptcy Code which excepts spendthrift trusts from the broad, all encompassing reach of Section 541 of the Bankruptcy Code. *See In re Sheppard, supra,* 106 B.R. at 724. However, these Debtors have not raised this issue and have impliedly conceded that the funds in the plans are in fact property of the estate but claim they are exempt.

█ Considering the claim of exemptions by these Debtors, it should be noted at the outset that in Florida, a debtor's right to exemptions is based totally on the Constitution and the exemption statutes of this state. This is so because Florida opted out based on § 522(b)(1) of the Bankruptcy Code, which permits states to opt out of the specific federal bankruptcy exemptions set forth in § 522(d) of the Bankruptcy Code. As set forth in *Fla.Stat.* § 222.20, entitled, "nonavailability of federal bankruptcy exemptions".

In accordance with the provisions of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state shall not be entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)). Nothing herein shall affect the exemptions given to residents of this state by the state constitution and the Florida Statutes.

█ Prior to 1987, there was no provision in the Constitution or the Statutes of this State which dealt with ERISA plans and whether or not they could be claimed as exempt. *See In re Bryant* and *In re Partsch, supra,* 106 B.R. at 727; *In re Sheppard* and *In re Polombo, supra,* 106 B.R. at 724. However, in 1987 the Florida legislature enacted *Fla.Stat.* § 222.21 entitled "exemption of pension money and retirement or profit-sharing benefits from legal processes" which attempts, albeit unsuccessfully, to provide citizens of the State of Florida with an exemption for ERISA-type plans and provides in pertinent part as follows:

(2)(a) Except as provided in paragraph (b), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in a retirement or profit-sharing plan that is qualified under s. 401(a) s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

It is clear that the Florida legislature's intent in enacting *Fla.Stat.* § 222.21(2)(a) was to provide an exemption for ERISA plans. The Trustees contend, however, that to the extent the Debtors' claims of exemptions are based on *Fla.Stat.* § 222.21, the subject matter dealing with ERISA plans has been preempted by federal legislation set forth in ERISA and, therefore, any statute dealing with the subject matter is invalid and unenforceable.

The Trustees' argument is premised on § 514(a) of ERISA [29 U.S.C. § 1144(a) ], which provides:

Except as provided in subsection (b) of this section, the provisions of this sub-

chapter and subchapter IV of this chapter *shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan* as described in section 1003(a) of this title and not exempt under section 1003(b) of this title. (emphasis added)

The Supreme Court recently had occasion to consider this matter in the case of *Mackey v. Lanier Collections Agency and Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), which dealt with a Georgia Statute which exempted an employee welfare benefit plan from garnishment. In holding that the Georgia Statute was preempted by ERISA and, therefore, the exemption created by the Georgia Statute could not be enforced, the Court looked to the language of § 514(a) of ERISA quoted above. In suggesting that *any* statute which refers to ERISA plans in any way will be caught in the "preemption net," the Court stated that a law "relates to an employee benefit plan, in the normal sense of the phrase if it has a connection with or *reference to* such a plan." *Id.* 108 S.Ct. at 2185, *citing Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). As ERISA does not expressly protect employee welfare benefit plans from garnishment, as did the Georgia Statute, the Court determined the Georgia Statute to be "in conflict with the federal scheme, and therefore preempted by it." *Id.* 486 U.S. at 828, 108 S.Ct. at 2184, 100 L.Ed.2d at 843.

Ironically, the Georgia Statute was actually promoting Congressional intent by furthering the purposes of ERISA. In *Mackey* the Court stated, however, that legislative good intentions were not enough to save a state law from the broad preemptive scope of § 514(a), quoting its decision in *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985) as follows: "The preemptive provision of § 514(a) displace[s] all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." Therefore, the Court determined that the Georgia law had to fail.

It should be noted that the *Fla.Stat.* § 222.21(2)(a), like the Georgia Statute in *Mackey*, is intended to help effectuate one of ERISA's underlying purposes, to protect retirement funds from claims of creditors. Therefore, this Court is constrained to find that ERISA preempts *Fla.Stat.* § 222.21(2)(a). Congress no doubt had the opportunity, if it desired to do so, to exempt or provide across-the-board exemptions for funds in ERISA plans and failed to do so. It is up to Congress and not this Court to make this change, if such change is in fact desired. As to the current state of the law, any reference to an ERISA plan contained within a state law is preempted by ERISA and it is up to Congress to exempt ERISA legislation from preemption, if it so desires.

This conclusion has been adopted by many other courts. In *In re Conroy*, 110 B.R. 492 (Bkrtcy.D.Mont.1990), for example, the debtor claimed his shares of stock in an employee stock ownership plan ("ESOP") as exempt, pursuant to a Montana statute providing an exemption for ERISA employee benefit plans in a bankruptcy case. The trust agreement for the ESOP made specific reference to ERISA. The trustee objected, arguing that ERISA preempted the Montana statute. Relying on the broad language of *Mackey, supra,* the court held that by exempting ERISA-qualified retirement or pension benefits, the state statute made reference to, and therefore "related to" ERISA. Thus, the court found the statute was preempted by ERISA and was in turn void, *citing In re Burns*, 108 B.R. 308 (Bkrtcy.W.D.Okla. 1989); *In re Alagna*, 107 B.R. 301 (Bkrtcy. D.Colo.1989); *In re Sellers*, 107 B.R. 152 (Bkrtcy.E.D.Tenn.1989) [Tennessee statute exempting ERISA qualified pension and profit-sharing plans preempted by ERISA]; *In re McLeod*, 102 B.R. 60 (Bkrtcy.S.D. Miss.1989) [Mississippi statute exempting ERISA-qualified retirement funds from seizure preempted by ERISA]; *In re Dyke*, 99 B.R. 343 (Bkrtcy.S.D.Tex.1989); *In re Hirsch*, 98 B.R. 1 (Bkrtcy.Ariz.1988), *aff'd, In re Seigel* and *In re Hirsch*, 105 B.R. 556 (D.Ariz.1989). [Arizona statute exempting ERISA-qualified pension plans from execu-

tion preempted by ERISA]; *In re Brown*, 95 B.R. 216 (Bkrtcy.N.D.Okla.1989) [Oklahoma statute exempting ERISA-qualified pension plans preempted by ERISA; *see also In re Gaines*, 106 B.R. 1008 (Bkrtcy. W.D.Mo.1989); *In re Weeks*, 106 B.R. 257 (Bkrtcy.E.D.Okla.1989).

The Debtors recognize, as they must, that under the cases cited, their exemption claims cannot be sustained, but request this Court to rely on cases such as *In re Martinez*, 107 B.R. 378 (Bkrtcy.S.D.Fla. 1989), holding that regardless of the broad language in *Mackey*, ERISA does not preempt *Fla.Stat.* § 222.21(2)(a).

In *In re Martinez, supra*, 107 B.R. at 378, for example, the debtor claimed his interests in an ERISA-qualified pension and profit-sharing plan as exempt pursuant to *Fla.Stat.* § 222.21(2)(a). Judge Weaver noted that in order to make ERISA uniform, Congress enacted § 514(a) with its preemption language, and that "Supreme Court precedents have broadly interpreted § 514 ... which provides that ERISA shall preempt any state law that 'relates to' an employee benefit plan even if they are consistent with ERISA's substantive requirements." *Id.*, at 379.

Nevertheless, Judge Weaver determined that ERISA does not preempt *Fla.Stat.* § 222.21(2)(a) because the statute does not attempt to *regulate* the terms and conditions of ERISA plans. Judge Weaver's reasoning was as follows:

> Florida Statute § 222.21(2)(a) only provides its residents with an exemption for profit-sharing benefits and pension plan money, but it does not regulate, directly or indirectly any matters dealing with ERISA's plan reporting, disclosure, participation, funding, vesting, benefit calculation or trustee's fiduciary responsibilities. *Fla.Stat.* § 222.21(2)(a) covers an area of law traditionally governed by the states and does not interfere with the field of employee pension plans now governing federal law. Therefore, although ERISA may preempt those state laws which attempt to regulate pension plans or change the underlying purpose of ERISA, it does not preempt *Fla.Stat.*

> § 222.21(2)(a). Instead, the court finds that *Fla.Stat.* § 222.21(2)(a) complements ERISA's purpose in seeking to protect pension money from creditors and, therefore, absent a conflict between the state and federal law, there is no need for preemption ...

Thus, Judge Weaver concluded that the Florida Statute's mere reference to ERISA provisions was too tenuous to bring it within ERISA's preemptive scope. *See also In re Seilkop*, 107 B.R. 776 (Bkrtcy.S.D.Fla. 1989); *In re Volpe*, 100 B.R. 840 (Bkrtcy. W.D.Tex.1989); *In re Bryan*, 106 B.R. 749 (Bkrtcy.S.D.Fla.1989). This Court is unpersuaded by the argument enunciated in cases such as *In re Martinez*, which are clearly in the minority. The ultimate problem with this approach is its total disregard for the Supreme Court's broad interpretation of ERISA's preemptive language and its unequivocal statement that good legislative intentions are insufficient to save a state statute from preemption.

■ To escape the conclusion that the ERISA plans may not be claimed and allowed as exempt, the Debtors rely on 11 U.S.C. § 522(b) which permits a debtor to choose either the federal exemptions listed in 11 U.S.C. § 522(d) or those provided by state law *and* also "any property that is exempt under Federal law, other than subsection (d) of this section ..." § 522(b)(2)(A). Thus, the Debtors contend that because of the anti-alienation provisions required in ERISA plans, ERISA constitutes a federal exemption within the meaning of § 522(b)(2)(A).

Under the prevailing authority in this Circuit, this argument must fail. As stated by the Eleventh Circuit Court of Appeals in *In re Lichstrahl*, 750 F.2d 1488 (11th Cir. 1985),

> The House and Senate reports on § 522(b)(2)(A) provide a list of property that can be exempted under federal laws. ERISA-qualified pension plans are not included. Although Congress may not have intended the list to be exhaustive, the failure to include ERISA is nonetheless indicative of congressional intent. Congress knew of the much-debated and

comprehensive statute when it issued the House and Senate reports on § 522(b)(2)(A) in 1977 and 1978, and yet it did not include ERISA in those reports. *Matter of Goff*, 706 F.2d [574] at 585 [ (5th Cir.1983) ]; *see also In re Graham*, 726 F.2d 1268, 1274 (8th Cir.1984). Congress, however, did refer to ERISA in other sections of the Bankruptcy Code. Of particular importance is ERISA's inclusion within the alternative federal exemptions listed in § 522(d). The failure to mention ERISA in connection with § 522(b) was intentional. *Matter of Goff*, 706 F.2d at 585.

*Id.* at 1491.

The court in *Lichstrahl* went on to note that the list of property exempted under federal law, which includes social security payments, wages of fishermen, Railroad Retirement Act benefits, Foreign Service Retirement and Disability payments, among others, can be distinguished from ERISA benefits. ERISA only regulates private employer pension plans, while the list of exemptions in the legislative history are all "peculiarly federal in nature, created by federal law or related to industries traditionally protected by the federal government." *Id.* at 1491, quoting *In re Graham, supra*, 726 F.2d at 1274. Based on the foregoing, the court concluded that § 522(b)(2)(A) does not exempt ERISA plans. *See also In re Daniel*, 771 F.2d 1352 (9th Cir.1985), *cert. denied* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Graham, supra*, 726 F.2d at 1268; *In re Goff, supra*, 706 F.2d 574 (5th Cir.1983). *But see contra In re Messing*, 114 B.R. 541 (Bankr.E.D.Tenn.1990).

Based on the weight of authority finding that ERISA does not qualify as a separate federal exemption for purposes of § 522(b)(2)(A), this Court finds the Debtors' argument not well taken.

■ Finally the Debtors rely on *Fla. Stat.* § 222.201(1), which provides:

Notwithstanding s. 222.20, an individual debtor under the federal Bankruptcy Reform Act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of s. 522 of that act.

In turn, 11 U.S.C. § 522(d)(10)(E) provides an exemption for the debtor's right to receive:

a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan, or contract was established by or under the auspices of an insider that employed the debtor at the time of the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. § 401(a), 403(b), 408 or 409).

Thus, the Debtors argue that as Florida has essentially opted back in to a limited extent and made 11 U.S.C. § 522(d)(10) available to Florida debtors, their ERISA plans are exempt under § 522(d)(10)(E) and not subject to administration by the Trustee.

There is nothing in this record to establish the Debtors' rights to payments under the plans are actually on account of illness, disability, death, age or length of service, nor have they argued that the payments are necessary for the Debtors' support or the support of their dependents. Therefore, the Debtors' final argument in this regard must fail.

Finally, it should be noted at this juncture that a question exists whether or not Florida may, through the enactment of *Fla. Stat.* § 222.21, opt to have selectively both the federal bankruptcy exemptions provided by § 522(d) of the Bankruptcy Code. This proposition was not raised and is not before the Court at this time. Therefore, this Court declines to rule on the validity vel non of this proposition.

Upon consideration of the foregoing, this Court is satisfied that the Trustees' Objec-

tions should be sustained and the Debtors' claims of the ERISA plans as exempt should be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustees' objections to the Debtors' claims of their interests in ERISA plans as exempt be, and the same are hereby, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtors' claims of their interests in their respective ERISA plans as exempt property be, and the same are hereby, disallowed, and the Trustees shall proceed to administer the funds in the ERISA plans for the benefit of the estates. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection as it relates to Dallas Wayne Palmer's claim of the condominium and Pruco life insurance policy as exempt be, and the same is hereby, overruled, and the Debtor's claim of exemption regarding the condominium and life insurance policy is hereby allowed.

DONE AND ORDERED.