In re David Ferrell SPEARS and Kay H. Spears, Debtors.

In re Howard Eugene OXNER and Velma Rae Oxner, Debtors.

In re Henry Lee BRASWELL and Donna Marie Braswell, Debtors.

In re Arnold H. ATZKATZ and Noreen L. Atzkatz, Debtors.

Bankruptcy Nos. 90–4506–8P7, 90–2827–8P7, 90–4507–8P7 and 90–1718–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 1, 1990.

Paul M. Tabio, for David Ferrell Spears and Kay H. Spears.

R.L. Richardson, for Howard Eugene Oxner and Velma Rae Oxner.

Paul M. Tabio, for Henry Lee Braswell and Donna Marie Braswell.

B. Gray Gibbs, for Arnold H. Atzkatz and Noreen L. Atzkatz, AKA Noreen Swain.

V. John Brook, Jr., Trustee.

Lynne England, Asst. U.S. Trustee.

## ORDER ON OBJECTIONS TO CLAIMS OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THESE are Chapter 7 liquidation cases, and the matters under consideration are Objections filed by the Trustee in each case to the Debtors' claims that funds held in their respective ERISA qualified pension, employee stock ownership and/or profit-sharing plans are not property of the estate or, alternatively, are exempt from administration of the bankruptcy estate pursuant to *Fla.Stat.* § 222.21(2)(a), 11 U.S.C. § 522(b)(2)(A), or 11 U.S.C. § 522(d)(10)(E). The Court has considered the Objections, together with the Debtors' responses and argument of counsel, and now finds and concludes as follows:

### IN RE SPEARS

In the case of David and Kay Spears, Case No. 90–4506, the Debtors filed their Chapter 7 voluntary Petition for Relief on May 10, 1990. On their B–4 Schedule of Exemptions, the Debtors claimed Mrs. Spears' interests in a profit-sharing plan

and an employee stock ownership plan (ESOP) with Delchamps, Inc., and Mr. Spears' interest in an ESOP with Avondale Industries, Inc., as exempt pursuant to *Fla. Stat.* § 222.21(2)(a).

The Avondale Industries, Inc., ESOP is funded by contributions made by the company only, which may vary from year to year in the total discretion of the company's Board of Directors. The shares of the company are not currently traded on an established securities market. Mr. Spears is entitled to receive the entire stock held in the ESOP for his benefit upon death, retirement, disability, or by reaching age 55 after ten years of service with the company. If Mr. Spears terminates his employment, he is entitled to receive his vested interests in the ESOP. (Debtors' Composite Exh. No. 1). There is no evidence before this Court regarding the value of Mr. Spears' interest in the ESOP.

The record reveals that Mrs. Spears' interest is 100% vested in both plans with Delchamps for a total value of $6,488.50. (Debtors' Composite Exh. No. 1). However, the terms of these plans are not part of this record.

The Debtors now claim that in addition to being exempt pursuant to *Fla. Stat.* § 222.21(2)(a), the plans "are exempt property, pursuant to 11 U.S.C. § 522(b) due to the fact that Debtors do not have dominion or control over monies deposited in the ... plans." Despite the confusing nature of this statement, it appears the Debtors contend that either the plans qualify as spendthrift trusts; thus, their interests in the plans are not property of the estate, or that the ERISA plans qualify as separate federal exemptions pursuant to 11 U.S.C. § 522(b)(2)(A).

## IN RE BRASWELL

In the case of Henry and Donna Braswell, Case No. 90–4507, the Debtors filed their Chapter 7 voluntary Petition for Relief on May 10, 1990. On their B–4 Schedule of Exemptions, the Debtors claimed Mrs. Braswell's interest in a 401–K retirement plan with George C. Winn, P.A., and Mr. Braswell's interests in a 401–K retire-

ment plan with Miles, Inc., as exempt pursuant to *Fla. Stat.* § 222.21(2)(a).

The Miles Pension Plan in which Mr. Braswell has an interest provides that the benefits resulting from the plan may be received upon either retirement, disability or death. Retirement may come at age 55, age 65, or after age 65. However, if retirement is delayed until after age 65, benefits are not paid until after active employment is ceased. Should Mr. Braswell terminate his employment prior to retirement, he can receive benefits only at age 55 and only provided he had already earned at least ten years of vesting service at the time he terminated his employment. (Debtors' Composite Exh. No. 1). The record does not reveal the value of Mr. Braswell's interest in his plan.

Neither does the record reveal the precise terms of Mrs. Braswell's 401–K retirement plan with George C. Winn, P.A. Although Mrs. Braswell has submitted the registration statement, actuarial information sheet, plan summary, and the annual return of fiduciary of employee benefit trust for the plan (Debtors' Composite Exh. No. 1), none of these documents disclose the conditions under which Mrs. Braswell may reach her interests in the plan.

These Debtors now contend that in addition to being exempt pursuant to *Fla. Stat.* § 222.21(2)(a), the plans "are exempt pursuant to 11 U.S.C. § 522(b) due to the fact that Debtors do not have dominion or control over monies deposited in the ... plans." Again, despite the lack of clarity, it appears that the Debtors claim that either the plans qualify as spendthrift trusts; thus, their interests in the plans are not property of the estate, or that ERISA plans qualify as separate federal exemptions pursuant to 11 U.S.C. § 522(b)(2)(A).

## IN RE ATZKATZ

In the case of Arnold and Noreen Atzkatz, Case No. 90–1718, the Debtors filed their Chapter 7 voluntary Petition for Relief on February 28, 1990. On their Amended B–4 Schedule of Exemptions, the Debtors claimed Arnold Atzkatz's interest in a 401–K retirement plan with US Air,

Inc., as exempt pursuant to *Fla.Stat.* § 222.21(2)(a) and 11 U.S.C. § 522(d)(10)(E). The Debtors also claim that the US Air plan is a spendthrift trust and thus not property of the estate pursuant to 11 U.S.C. § 541(c)(2).

Under the Retirement Income Plan for Pilots of US Air, Inc., a participant is deemed 100% vested after ten years of service to the airline. The plan is funded solely through contributions made by the employers in an amount determined by an actuarial formula. The proceeds of the plan are only attainable by the participant upon normal retirement from the company at age 60, early retirement at age 50, provided the plan participant has five years of vesting service, late retirement, disability, or death prior to such retirement. Should a pilot prematurely terminate his employment with the airline, he will receive benefits owed to him only upon reaching retirement age; provided, however, that he was fully vested at the time he stopped working. The record does not reveal the value of Mr. Atzkatz's interest in the plan.

## IN RE OXNER

In the case of Howard and Velma Oxner, Case No. 90–2827, the Debtors filed their Chapter 7 voluntary Petition for Relief on March 28, 1990. On their B–4 Schedule of Exemptions, the Debtors claimed Velma Oxner's interest in a profit-sharing plan with Winn–Dixie Stores, Inc., as exempt pursuant to *Fla.Stat.* § 222.21(2)(a) and 11 U.S.C. § 522(d)(10)(E). The profit-sharing plan consists of contributions made by the employer, Winn–Dixie, and the employee. It provides that distribution of the benefits will commence upon normal or disability retirement, voluntary termination of employment or death. In addition, upon a showing of certain financial hardships such as medical expenses, payment of tuition, and the purchase of a residence, the participant may withdraw a portion of his account. The Debtors valued Velma Oxner's interest in the plan at $27,677.55.

The Trustees for the respective estates subsequently objected to the Debtors claiming the funds in their ERISA plans as exempt, contending that the funds currently held on behalf of the Debtors in the plans mentioned above are, in fact, property of the estate, subject to administration, and cannot be claimed as exempt, notwithstanding *Fla.Stat.* § 222.21(2)(a), 11 U.S.C. § 541(c)(2) and 11 U.S.C. § 522(b)(2)(A) and (d)(10)(E).

In opposition, as noted above, Mr. and Mrs. Spears, Mr. and Mrs. Braswell, and Mr. Atzkatz contend that the funds in the plans are not property of the estate as the plans constitute spendthrift trusts excluded from the scope of § 541 of the Bankruptcy Code by virtue of § 541(c)(2) and, in the alternative, that the plans are exempt pursuant to 11 U.S.C. § 522(b)(2)(A). In addition, Mr. Atzkatz and Mrs. Oxner contend that their respective plans are exempt pursuant to 11 U.S.C. § 522(d)(10)(E). The Debtors all claim that despite cases in which this Court already considered the same issues, i.e., *In re Gardner, In re Parrish,* and *In re Palmer,* 118 B.R. 860 (M.D.Fla.1990); *In re Bryant* and *In re Partsch,* 106 B.R. 727 (Bankr.M.D.Fla. 1989); and *In re Sheppard* and *In re Polombo,* 106 B.R. 724 (Bankr.M.D.Fla.1989), the Trustees' Objections should be overruled and the Debtors' claims of the ERISA qualified plans as exempt should be allowed based on *Fla.Stat.* § 222.21(2)(a).

### 11 U.S.C. § 541(c)(2)

The threshold question in resolving these matters is whether or not the Debtors' interests in the plans are even property of the estate under 11 U.S.C. § 541. 11 U.S.C. § 541 provides:

> ... except as provided in subsection (b) and (c)(2) of this section, all legal and equitable interests of the debtor in property as of the commencement of the case are properties of the estate.

In turn, § 541(c)(2) provides that

> a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

■ Because all ERISA plans contain anti-alienation provisions required by the Internal Revenue Code in order to make

contributions to an ERISA plan tax exempt, it is argued that the anti-alienation provision required by ERISA constitutes "applicable nonbankruptcy law" and thus, the Debtors' interests in the plans are not property of the estate. This argument was recently upheld by the Fourth Circuit Court of Appeals in the case of *Anderson v. Raine (In re Moore)*, 907 F.2d 1476 (4th Cir.1990), whereby the Fourth Circuit determined that ERISA's mandatory anti-alienation provision deems to qualify ERISA "applicable nonbankruptcy law" and, therefore, the interests of debtors in ERISA-qualified profit-sharing and pension plans are excluded from property of the estate. *See also In re Burns*, 108 B.R. 308 (Bankr.W.D.Okla.1989); *In re Komet*, 104 B.R. 799 (Bankr.W.D.Tex.1989).

Notwithstanding the foregoing, the law is clear in this Circuit that "applicable nonbankruptcy law" refers only to state spendthrift trust law. *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985). *See also In re Daniel*, 771 F.2d 1352 (9th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Graham*, 726 F.2d 1268 (8th Cir.1984); *In re Goff*, 706 F.2d 574 (5th Cir.1983).

Thus, it is necessary to consider whether the plans under consideration constitute spendthrift trusts under Florida law. As noted by this Court in *In re Martin* and *In re Langford*, 119 B.R. 297 (Bankr.M.D.Fla.1990), and cases cited therein, courts generally have not classified interests in ERISA plans as spendthrift trusts because the debtor usually has the ability to reach and manipulate his interests in the plan, even if to do so would terminate the debtor's employment and interest in the plan. Further, courts have considered the fact that the employee may generally borrow against the plan and may withdraw his contributions to the plan under certain circumstances.

Under Florida law, the purpose of spendthrift trusts is to protect the beneficiary not only from himself, but also from his creditors. *Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 57 So. 243 (1911). The typical spendthrift trust bars the vol-untary or involuntary alienation of the beneficiary's interest in his right to receive the trust income. *Waterbury v. Munn*, 159 Fla. 754, 32 So.2d 603 (1947). Where the beneficiary has the ability to require the trust administrator to convey trust property to him or her, the beneficiary has dominion and control over the trust res sufficient to defeat the validity of the spendthrift trust.

Thus, in the last analysis, the ultimate question is whether the Debtors' ability to reach their interests in the plans rises to the level of asserting a sufficient degree of dominion and control over their funds in the plans, thus to negate the spendthrift character of these plans.

■ Under his plan, Mr. Spears may reach his vested interests under the plan upon termination of employment, whether by quitting, death, retirement, disability or upon reaching the age of 55 after ten years of service with the company. The feature of this plan permitting Mr. Spears to reach his vested interests in the plan by quitting his employment, is certainly inconsistent with any recognized characteristics of a classical spendthrift trust under Florida law. Based on the foregoing, this Court is satisfied that the Avondale Industries plan is not a spendthrift trust, thus, the funds in the plan are property of the estate.

■ In contrast, Mr. Braswell may not reach his interests in his plan with Miles, Inc., until age 55, death or disability. He is not able to manipulate his interests in the funds in any manner, therefore, this Court is satisfied that his plan qualifies as a spendthrift trust under Florida law. The same is true for Mr. Atzkatz, who may likewise reach his interests in the plan with US Air only upon retirement, death or disability. Thus, this Court is satisfied that the Trustees' Objections regarding Mr. Braswell and Mr. Atzkatz should be overruled as these plans are not property of the estate. Based on the foregoing, the alternative arguments advanced by Mr. Braswell and Mr. Atzkatz that their interests in their respective plans are exempt are moot. However, for purposes of discussion, this

Court will nevertheless address the merits of those arguments below.

### *Fla.Stat.* § 222.21(2)(a)

■ It is urged by the Debtors that even assuming their interests in the plans are property of the estate, they are exempt pursuant to *Fla.Stat.* § 222.21(2)(a). This Section enacted by the Florida Legislature in 1987 provides as follows:

(2)(a) Except as provided in paragraph (b), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

The availability of this exemption provided by the Statute to Florida residents has been considered by this Court in cases such as *In re Gardner, supra*, 118 B.R. 860; *In re Bryant, supra*, and *In re Partsch, supra*, 106 B.R. at 727; and *In re Sheppard and Polombo, supra*, 106 B.R. at 724, where this Court ordered that based on the decision of the Supreme Court in *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), ERISA preempts *Fla. Stat.* § 222.21(2)(a) and thus, *Fla.Stat.* § 222.21(2)(a) is void. In *Mackey*, the Supreme Court held that a Georgia statute which purported to immunize funds in a 401–K plan from garnishment asserted by a creditor was invalid by virtue of the doctrine of federal preemption, based on § 514(a) of ERISA [29 U.S.C. § 1144(a)] which provides:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter *shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan* as described in section 1003(a) of this title and not exempt under section 1003(b) of this title. (emphasis added).

It follows that because *Fla.Stat.* § 222.21(2)(a) "relates to" ERISA and is therefore preempted, the Debtors' argument in this regard must fail.

### 11 U.S.C. § 522(b)(2)(A)

■ To escape the inescapable conclusion that the funds in the ERISA plans may not be claimed and allowed as exempt pursuant to *Fla.Stat.* § 222.21(2)(a), the Debtors also rely on 11 U.S.C. § 522(b) which permits a debtor to choose either the federal exemptions listed in 11 U.S.C. § 522(d) or those provided by state law *and* also "any property that is exempt under Federal law, other than subsection (d) of this section ..." § 522(b)(2)(A). Thus, the Debtors contend that because of the anti-alienation provisions in ERISA plans required by the Internal Revenue Code, ERISA itself creates a specific nonbankruptcy federal exemption within the meaning of § 522(b)(2)(A).

Under the prevailing authority in this Circuit, this argument must also fail. As stated by the Eleventh Circuit Court of Appeals in *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985),

The House and Senate reports on § 522(b)(2)(A) provide a list of property that can be exempted under federal laws. ERISA-qualified pension plans are not included. Although Congress may not have intended the list to be exhaustive, the failure to include ERISA is nonetheless indicative of congressional intent. Congress knew of the much-debated and comprehensive statute when it issued the House and Senate reports on § 522(b)(2)(A) in 1977 and 1978, and yet it did not include ERISA in those reports. *Matter of Goff*, 706 F.2d at 585; *see also In re Graham*, 726 F.2d 1268, 1274 (8th Cir.1984). Congress, however, did refer to ERISA in other sections of the Bankruptcy Code. Of particular importance is ERISA's inclusion within the alternative federal exemptions listed in § 522(d). The failure to mention ERISA in connection with § 522(b) was intentional. *Matter of Goff*, 706 F.2d at 585.

*Id.* at 1491.

The court in *Lichstrahl* went on to note that the list of property exempted under

federal law, which includes Social Security payments, wages of fishermen, Railroad Retirement Act benefits, Foreign Service Retirement and Disability payments, among others, can be distinguished from ERISA benefits. ERISA was designed by Congress to regulate private employer pension plans, while the list of exemptions referred to in the legislative history of § 522(b)(2)(A) are all "peculiarly federal in nature, created by federal law or related to industries traditionally protected by the federal government." *Id.* at 1491, quoting *In re Graham, supra,* 726 F.2d at 1274. Based on the foregoing, the Eleventh Circuit Court of Appeals concluded that § 522(b)(2)(A) did not provide a non-bankruptcy federal exemption. *See also In re Daniel,* 771 F.2d 1352 (9th Cir.1985), *cert. denied* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Graham, supra,* 726 F.2d at 1268; *In re Goff, supra,* 706 F.2d 574 (5th Cir.1983). *But see contra In re Messing,* 114 B.R. 541 (Bankr.E.D.Tenn. 1990).

Based on the weight of authority, this Court is satisfied that ERISA does not qualify as a separate federal exemption for purposes of 11 U.S.C. § 522(b)(2)(A).

### 11 U.S.C. § 522(d)(10)(E) and *Fla.Stat.* § 222.201(1)

■ Finally, Mr. Atzkatz and Mrs. Oxner rely on *Fla.Stat.* § 222.201(1), which provides:

> Notwithstanding s. 222.20, an individual debtor under the federal Bankruptcy Reform Act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of s. 522 of that act.

In turn, 11 U.S.C. § 522(d)(10)(E) provides an exemption for the debtor's right to receive:

> a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—
> (i) such plan or contract was established by or under the auspices of an insider

that employed the debtor at the time of the debtor's rights under such plan or contract arose;
> (ii) such payment is on account of age or length of service; and
> (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408 or 409).

Thus, the Debtors argue that as Florida has essentially opted back in to a limited extent and made 11 U.S.C. § 522(d)(10) available to Florida debtors, their ERISA plans are exempt under § 522(d)(10)(E) and not subject to administration by the Trustee.

Even assuming without admitting that Florida, through the enactment of *Fla. Stat.* § 222.201(1), may selectively opt back in to the federal exemption scheme provided by § 522(d) of the Bankruptcy Code, which is a question not without serious doubt, there is nothing in this record to establish that the Debtors' rights to payments under the plans are actually on account of illness, disability, death, age or length of service, nor have they argued that the payments are necessary for their support or the support of their dependents. Therefore, the Debtors' final argument in this regard must fail.

Upon consideration of the foregoing, this Court is satisfied that the Trustees' Objections in the cases of Velma Oxner and David Spears should be sustained and the Debtors' claims of the ERISA plans as exempt should be disallowed. In the cases of Henry Braswell and Arnold Atzkatz, the Trustee's Objections should be overruled as the Debtors' interests in their ERISA plans are not property of the estate. Regarding Mrs. Spears and Mrs. Braswell's interests in their plans, ruling should be deferred and Mrs. Braswell and Mrs. Spears should file a copy of their respective ERISA plans with this Court within ten days of the date of the entry of this Order so that this Court may determine whether those plans qualify as spendthrift trusts.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustees' Objections in the cases of Velma Oxner and David Spears to the Debtors' claims of their interests in ERISA plans as exempt be, and the same are hereby, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the claims by Velma Oxner and David Spears of their interests in their respective ERISA plans as exempt property be, and the same are hereby, disallowed, and the Trustees shall proceed to administer the funds in the ERISA plans for the benefit of the estates. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustees' Objections in the cases of Henry Braswell and Arnold Atzkatz be, and the same are hereby, overruled, and the interests of Henry Braswell and Arnold Atzkatz in their respective ERISA plans are hereby determined not to be property of the estate, and thus not subject to administration by the Trustees. It is further

ORDERED, ADJUDGED AND DE-CREED that ruling on the Trustees' Objections to Mrs. Spears' and Mrs. Braswell's claim of their interests in the Delchamps profit-sharing plan and ESOP and 401–K retirement plan with George C. Winn, P.A., respectively, be, and the same is hereby, deferred, and Mrs. Spears and Mrs. Braswell shall file a copy of the Delchamps profit-sharing plan and ESOP and 401–K retirement plan with George C. Winn, P.A., respectively, with this Court within ten days of the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event Mrs. Spears and Mrs. Braswell fail to file a copy of the plans as set forth above, the Trustees' Objections shall be sustained.

DONE AND ORDERED.