**In re Daniel Kern LESH d/b/a DK Lesh Properties, Debtor.**

**Bankruptcy No. 91–2484–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Aug. 20, 1991.

Edward R. Miller, Naples, Fla., for debtor.

Sara L. Kistler, Asst. U.S. Trustee, Tampa, Fla.

Christopher Winter, Hollywood, Fla., for TCF.

**ORDER ON OBJECTION TO CLAIM OF EXEMPTIONS**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is an Objec-

tion filed by Twin City Federal Bank (the Bank) to the Debtor's claim that funds held in an ERISA-qualified retirement plan maintained by Honeywell, Inc., are exempt from administration by the Trustee pursuant to Florida Statute § 222.21(2)(a). The Court has considered the Objection, together with the record and argument of counsel, and now finds and concludes as follows:

The Debtor filed his voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on February 27, 1991. On his B–4 Schedule of Exempt Property, the Debtor claimed his interests in the Honeywell, Inc., pension plan (Plan) as exempt pursuant to "Art. 10, Section 4 and Section 222.21" (sic). The Debtor values his interests in the Plan at $57,000.00.

Ordinarily, the threshold question in resolving this matter is whether or not the Debtor's interests in the Plan are even property of the estate by virtue of 11 U.S.C. § 541(a)(1). *See In re Spears*, 121 B.R. 896 (Bankr.M.D.Fla.1990); *In re Martin*, 119 B.R. 297 (Bankr.M.D.Fla.1990). However, the Debtor apparently concedes that his interests in the Plan do not fall within the scope of § 541(c)(2), which in this Circuit and several others has been interpreted to exclude only spendthrift trusts from the broad reach of § 541(a)(1). *See In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985); *In re Daniel*, 771 F.2d 1352 (9th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Graham*, 726 F.2d 1268 (8th Cir.1984); *In re Goff*, 706 F.2d 574 (5th Cir.1983). *But see Anderson v. Raine (In re Moore)*, 907 F.2d 1476 (4th Cir.1990).

This leaves for consideration the Debtor's claim that his interests in the Plan are exempt pursuant to *Fla.Stat.* § 222.-21(2)(a). This Section, enacted by the Florida Legislature in 1987, provides as follows:

(2)(a) Except as provided in paragraph (b), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

The availability of this exemption provided by the statute to Florida residents has been considered by this Court in cases such as *In re Gardner*, 118 B.R. 860 (Bankr. M.D.Fla.1990); *In re Bryant* and *In re Partsch*, 106 B.R. 727 (Bankr.M.D.Fla. 1989); and *In re Sheppard* and *In re Polombo*, 106 B.R. 724 (Bankr.M.D.Fla.1989) where this Court determined that based on the decision of the Supreme Court in *Mackey v. Lanier Collections Agency & Services, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), ERISA preempts *Fla. Stat.* § 221.21(2)(a) and thus, *Fla.Stat.* § 222.21(2)(a) is void. In *Mackey*, the Supreme Court held that a Georgia statute which purported to immunize funds in a 401–K plan from garnishment asserted by a creditor was invalid by virtue of the doctrine of federal preemption, based on § 514(a) of ERISA [29 U.S.C. § 1144(a)] which provides:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter IV of this chapter *shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan* as described in section 1003(a) of this title and not exempt under section 1003(b) of this title. (emphasis added)

It follows that because *Fla.Stat.* § 222.-21(2)(a) "relates to" ERISA and is therefore preempted, the Debtor's argument in this regard must fail.

Upon consideration of the foregoing, this Court is satisfied that the Bank's Objection should be sustained and the Debtor's claim of his interest in the Plan as exempt should be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Bank's Objection to the Debtor's claim of his interests in the Honeywell, Inc. Plan as exempt be, and the same is hereby, sustained, and the Debtor's claim of his interests in the Honeywell, Inc. Plan as exempt is disallowed. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee shall proceed to administer the funds in the Plan for the benefit of the estate.

DONE AND ORDERED.